### ADMINISTRATOR OF JAZANIAH BARRETT *v.* LUCIUS COPELAND.

Under the Revised Statutes of this state an action of trespass on the case does not survive to the administrator, unless it is brought to recover for damages to some specific property.*

An action of trespass on the case against a sheriff for a false return upon process does not, under the statutes now in force in this state, survive to the administrator of the plaintiff.

TRESPASS ON THE CASE against the defendant for making, as constable, a false return upon an execution in his hands, whereby the plaintiff alleged that he had been defeated in a suit which he had commenced against the defendant for an assault and battery, and had thereby been put to a great expense and damage and compelled to pay large sums of money.

The action was entered in the county court at the April Term, 1844; and on the 15th day of April, 1846, and while the suit was still pending, the plaintiff deceased. The action was then continued until an administrator was appointed upon the estate of the plaintiff; and at the September Term, 1846, the county court per-

---

*But in *Dana, Adm'r*, v. *Lull*, Windsor Co., March T. 1849, it was held, that an action of trespass on the case against a sheriff, for not keeping property attached and delivering the same to the officer holding the execution in the suit in which the attachment was made, did survive to the administrator of the plaintiff.

Adm'r of Barrett *v.* Copeland.

mitted the administrator to enter for the prosecution of the suit. The defendant then filed a motion to dismiss the suit, upon the ground that the cause of action did not survive.

The county court, April Term, 1847,—HALL, J., presiding,—decided, that the cause of action did not survive to the administrator, and dismissed the suit. Exceptions by plaintiff.

*Thrall & Pond* for plaintiff.

This action is brought for the damages sustained by the plaintiff's intestate in consequence of a false return alleged to have been made by the defendant. Rev. St. 75, § 21; 93, § 60. The jury could not give any damages, except the expenses paid and suffered by the plaintiff's intestate. It is therefore for the injury to the property that this action is brought; and for such cause it survives to the administrator. Rev. St. 269, § 10. *Chamberlain* v. *Williamson*, 2 M. & S. 408. *Stebbins* v. *Palmer*, 1 Pick. 71. This case comes within the equity of the statute, which provides that actions for injuries to "real and personal estate" shall survive, if it is not embraced in its language. *Dutton* v. *Vt. Mutual Fire Ins. Co.*, 17 Vt. 369. That the Revised Statutes apply to this case also appears from a reference to the statute of 1847,—Acts of 1847, p. 29,—providing that actions for bodily injuries shall survive. It is not reasonable to suppose, that the legislature would extend the common law to such cases, where the damages are entirely uncertain, and leave injuries unprovided for, the damages from which are subject to certain proof.

*E. N. Briggs* and *C. L. Williams* for defendant.

This action clearly did not survive at common law; 1 Chit. Pl. 57; and it is not included among the additional actions, which are made to survive by the Rev. St. c. 48, § 10. It cannot be considered as an "action on the case for *damages done to personal estate*." No such damage is stated or relied upon in the declaration; the allegation, that the plaintiff has been obliged to expend large sums of money, is one that ordinarily occurs in declarations for assaults, &c., but is considered as only an aggravation of the injury to the person, and as wholly dependent upon that for its support. The following cases were of a like character, and the declarations con-

tained similar allegations, and were all decided not to survive, under statutes similar to our own. *Deming* v. *Taylor*, 1 Day 285. *Reed* v. *Hatch*, 19 Pick. 47. *People* v. *Gibbs*, 9 Wend. 29. *Chamberlain* v. *Williamson*, 2 M. & S. 408. *Stebbins* v. *Palmer*, 1 Pick. 71. *Hambly* v. *Trott*, Cowp. 371. *Cravath* v. *Plympton*, 13 Mass. 454. See, also, 2 Kent 416; 1 Saund. Pl. & Ev. 404. Among the actions which survive under the statute of 4 Edw. III, c. 7, those against a sheriff for a false return are mentioned in several elementary treatises. But one case is cited,—*Williams* v. *Carey*, reported in 4 Mod. 403, 12 Mod. 71, 1 Salk. 12, 3 Salk. 149, Comb. 264, 322, Holt 307, and 1 Ld. Raym. *40; and in that* case the court recognized the distinction for which we contend. (12 Mod. 71.)

The opinion of the court was delivered by

BENNETT, J. The only inquiry before us is, does the plaintiff's cause of action survive to his administrator? Though the question is of but little consequence, as applied to this case, still, as furnishing a rule, by which other cases are to be governed, it is of very considerable importance. The rule at common law was, that when the action, in form, must be *ex delicto*, for the recovery of damages, and the plea thereto *not guilty*, it died with the person. If, however, the case was one, in which the action could be framed in form *ex contractu*, it did not fall within this rule of the common law. There can be no question, but that the action in this case died with the person, at the common law. The only question, then, is, does it survive under our present statute? In considering this subject, it may not be amiss to see how the rule of the common law has been modified, under the statute of 4 Edw. III in England, as well as under the different statutory provisions in this state.

The statute of 4 Edw. III, after reciting that executors, in times past, have not had actions for *a trespass* done to their testators, *as of the goods and chattels of the same testators*, carried away in their life time, and. so much trespassers have hitherto remained unpunished, enacted, that the executors, in *such cases*, should have an action against the trespassers, and recover their damages, in like manner as they, whose executors they were, might have done in their life time. This statute, it may be remarked, has been sub-

sequently extended to administrators and executors of executors. The statute of 4 Edw. III received, at an early day, a very beneficial construction; and every description of injury to personal property, by reason of which it was rendered less valuable to the representatives of the deceased, was brought within its equity, without regard to the form of action. It was held, that *the taking of goods and chattels* was put as an instance, *merely*, in the statute, and not as *restrictive* to such injury only, and that the term, trespass, with reference to the language of the times when the act was passed, embraced wrongs generally. The inquiry, then, being whether the wrong was detrimental to the *assets* of the deceased, seemed to furnish a rational rule, by which it could be determined, whether the cause of action would survive to the representatives of the deceased, or not. This would seem to be the rule which should prevail; and we find that actions on the case for a *false return*, especially upon final process, and case on debt for an escape, and the like, were brought within the equity of this statute, whenever the wrong lessened the *assets* of the estate.

The legislation on this important subject has been somewhat unstable in this state. The first statute was enacted in 1791; which simply provided against the abatement of the action by the death of either of the parties, in cases where the cause of action survived at the common law, and did not provide for the survivorship of other actions. Haswell's Stat. 275. In 1797 our legislature adopted, almost *verbatim*, the statute of 4 Edw. III. Tolm. St. 144. The English statute having received a settled construction long before our legislature adopted it, I have no doubt it was the intention, that our statute should receive the same *beneficial* construction; and such was the construction uniformly given to it, so far as my information extends. We were then furnished with a rule, both rational and salutary, in regard to the survivorship of actions founded *in tort*.

In 1821 the law was materially changed on this important subject. The statute of that year enacted that all actions of ejectment, trespass *de bonis asportatis* and trover shall survive against as well as in favor of executors and administrators. This statute would seem to restrict the survivorship of actions to the *instances* enumerated in the statute; and such, I think, was its practical construction while

in force.   No action on the case, except trover, founded in *tort*, to which the plea was not guilty, survived under this statute to or against executors and administrators, though the wrong lessened the assets of the estate on the one hand, or increased them on the other.

The Revised Statutes of 1839, p. 269, enacted, that actions of replevin and of trover, and actions of trespass and trespass on the case *for damages done to real and personal estate*, should survive, in addition to those which survive at the common law.   It is an important inquiry, whether this statute can, like the statute of 4 Edward III and our statute of 1797, by its equity, be extended so as to embrace this and the like actions.   It is to be remarked, that the statute, after naming the actions of replevin and trover, as being such as shall survive, proceeds to add, and actions of trespass and trespass on the case *for damages* done to *real* or *personal* estate.   It is obvious, that this statute is very different from the statute of 1797. The actions named in the statute, as surviving, cannot be considered as put simply for *instances*, but must be regarded as *restrictive* in their operation.   There is no particular trespass, or wrong, put in the statute by way of an instance simply as in the English statute, or our statute of 1797, which would authorize the court to give it the same equitable construction, which those statutes received.

The Revised Statute, by its very terms, seems to limit the construction; and we think it must be confined to actions brought to recover for damages done to *some specific property*.   It is said, that an action for a false return should survive to the administrator, because the wrongful act is prejudicial to the assets of the deceased. But if we adopt such a latitudinarian construction, every injury, by reason of which a man should be prevented from a pecuniary gain, or subjected to a pecuniary loss, would come within the statute. This would not, we think, be in accordance with the intent of the legislature.   Our Revised Statute, on this subject, is in substance a copy of the Revised Statute of Massachusetts, of 1836, and I believe in its very words.   In *Reed* v. *Hatch*, 19 Pick. 47, the Massachusetts Court restrain the construction of their statute within the rule we have adopted.

We are fully aware, that this decision must cut off many cases, which would survive under the statute of 4 Edw. III, or our statute

of 1797. But it is a result, which we cannot well avoid. It is our business to declare the law, not make it. The legislature must have designed, that the law should be different, by the statutes of 1821 and 1839, from what it was under the statute of 1797, in relation to the survivorship of actions. It is not for us to say, which statute furnished the best rule ; though it would seem, that there is good reason, why the action should survive to the executor, or administrator, where the estate of the deceased has been damnified by the tort, and against them, where it has been increased by means thereof.

It has been said, that the statute of 1847, which provides for the survivorship of actions brought to recover damages for any bodily hurt, or injury, occasioned to the plaintiff by the act or default of the defendant, should have a controlling influence in the construction of the statute of 1839, now under consideration; but we cannot perceive the force of the argument, unless we should adopt the rule of construing a statute according to what we might deem should have been its provisions.

The *gravamen* of the present action is the *false return of the officer;* and if Barrett was cast in his action for assault and battery and false imprisonment, by reason of the *false return,* and subjected to pay a large amount of costs in that action, it may be a damage, flowing from the wrongful act; but it is consequential to it, and the *assets* of the deceased are only indirectly lessened. Though an action for an assault and battery will survive, under the statute of 1847, however incongruous it may seem, we feel constrained to hold, that under the Revised Statutes of 1839 this action did not survive to the administrator of the plaintiff.

The result is, the judgment of the county court is affirmed.