THE TOWN OF WINHALL v. THE ESTATE OF FRANCIS D. SAWYER.

*Survivorship of Actions.*

An action upon the statute, for transporting a pauper from one town in this state to another town in this state, or aiding therein, without an order of removal, with intent to charge such town with the support of such pauper, does not survive under §§ 10, 12, ch. 20, of the Gen. Stat.

APPEAL from the decision and report of the commissioners upon the estate of Francis D. Sawyer, disallowing the plaintiff's claim against said estate.

The plaintiff filed a declaration in the probate court in two counts. The first count alleged that, " on the first day of April, A. D. 1868, said Sawyer brought one Lucy Cook, 'a poor and indigent person, then and there residing in said Townshend, from said Townshend to said Winhall, with intent to charge the said town of Winhall with the support of the said Lucy, and without an order of removal, as provided by law, and said Lucy had no legal settlement in said town of Winhall, by means," &c. The second count was for aiding and assisting in bringing the said Lucy to the said town of Winhall as aforesaid, with like intent.

In the county court, the defendant moved to dismiss said appeal, because the action did not survive. At the September term, 1872, the court, BARRETT, J., presiding, *pro forma*, sustained the motion and dismissed the appeal; to which the plaintiff excepted.

*Waterman & Read*, for the plaintiff.

This is an action on the case under § 31, of ch. 20, of the Gen. Stat. The clause of the statute upon which this action is founded, is purely remedial, and gives a remedy for the redress of a civil wrong. *Calais* v. *Hall*, 11 Vt. 494; *Barnet* v. *Ray et al.* 33 Vt. 205; *Sheldon* v. *Fairfax*, 21 Vt. 102. The action is brought to recover the damages the town has suffered by being compelled to support the pauper, unlawfully brought into the town by the intestate.

This action survives by the provisions of § 10, ch. 52, of Gen. Stat. Our statute has been repeatedly declared by this court as

identical in construction with the English statute of Edw. III., and entitled to the same beneficial interpretation. *Adm'r of Copeland* v. *Barrett*, 20 Vt. 244 ; *Burgess* v. *Gates, Ex'r*, Ib. 326 ; *Dana, Adm'r*, v. *Lull*, 21 Vt. 383 ; *Bellows* v. *Adm'r of Allen*, 22 Vt. 108 ; *Manwell, Adm'r*, v. *Briggs*, 17 Vt. 176.

The rule for determining the question of survivorship under the English statute, when the personal representative is plaintiff, is, whether an injury has been done to the personal estate of the deceased. *Wheatley* v. *Lane*, 1 Saund. 216 a, and note by Serjt. Williams, and cases cited. By our statute, remedies by and against administrators are reciprocal, so that an action which would survive in favor of the personal representative, survives against him. Gen. Stat. ch. 52, § 12.

The question then, is, was this action brought to recover for pecuniary loss or damage that resulted to the plaintiff from the act of the intestate, for which a remedy is provided by law ? If so, it survives. The unlawful act of the intestate, and the pecuniary loss the town has suffered thereby, are set forth in the declaration, and the remedy pursued which the statute points out for the recovery of such damages. The remedy, only, is statutory. That being followed, this case stands, as to survivorship, on the same ground as any other action for the recovery of damages directly resulting from the wrongful act of another, where the remedy is not given by statute.

*Field & Tyler*, for the defendant.

This is an action *ex delicto*, both in form and substance, and clearly does not survive at common law. 1 Chit. Pl. 57 ; *Adm'r of Burrett* v. *Copeland*, 20 Vt. 244. The rule is also well stated in 1 Cowp. 371 ; 13 Mass. 454 ; 9 Wend. 29.

There is no provision in our statute that keeps alive the action to recover the penalty under § 31, of ch. 20 ; and if the action to recover damages is preserved, it must be by the last clause of § 10 of ch. 52. But this clause only relates to actions of trespass and trespass on the case for damages done to real and personal estate. The case of *Adm'r of Barrett* v. *Copeland*, is a direct authority that this action is not saved by the above mentioned

clause of the statute; and it seems to us that the case of *Dana, Adm'r,* v. *Lull,* 21 Vt. 383, fully recognizes the authority of the latter case, as well as the doctrine that when the action is in form and reality *tort,* no pecuniary benefit accruing to the defendant, it does not survive, unless for damage done to some specific property. Serjeant Williams's note to *Wheatley* v. *Lane,* 1 Saund. 216, which the court rely upon in *Bellows* v. *Allen,* seems to sustain the same doctrine. The passage from Williams's note, quoted by the court in *Bellows* v. *Allen,* follows the statute of 4 Edw. III., which evidently goes further than our statute. The supreme court of Massachusetts, under a statute like our own, have held the doctrine above claimed. *Read* v. *Hatch,* 19 Pick. 47.

This cannot be construed to be an action *ex contractu,* for damages; it does not appear that any benefit accrued to the defendant by his wrongful act; nor can it be claimed that any damage accrued to the *personal estate* of the plaintiff town.

The opinion of the court was delivered by

Ross, J. The plaintiff appealed from the disallowance by the commissioners on the estate of Francis D. Sawyer, of a claim presented by it against said estate. In the county court, it filed a declaration in two counts. The first count alleges that the intestate brought one Lucy Cook, a poor and indigent person, who had not her legal settlement in Winhall, to Winhall, with the intent to charge that town with her support, without any order of removal therefor, by means of which, the town had been compelled to expend the sum of five hundred dollars for the support of said Lucy. The second count is like the first, except that it charges that the intestate aided and assisted in bringing said Lucy to Winhall with like intent. The county court, on the motion of the administratrix, held, *pro forma,* that the action did not survive, and dismissed the same. The only question presented is in regard to the correctness of this ruling of the county court. By § 12 of ch. 52, Gen. Stat., actions which survive in favor of an estate, survive against an estate. This action is for a tort, and would, at common law, have died with the intestate. If this action survives, it is by force of that part of § 10,

of ch. 52 of Gen Statutes, by which executors and administrators are allowed to maintain " actions of trespass and trespass on the case for damages done to real or personal estate," in connection with § 12 of the same chapter, allowing the same actions to be prosecuted against executors and administrators, or by presenting the claim before commissioners.

Was the alleged injury one done to the personal estate of the plaintiff, within the meaning of the statute ? The bringing of the pauper into the town of Winhall, wrongfully, and with the intent to charge that town with the support of the pauper, did not injure or destroy any specific article of personal property belonging to the town, nor did it take away or lessen any right to any personal property vested in the town. It added one to the number of paupers which the town must support, and caused the town to take money by taxation from the citizens, that it might appropriate it for the support of the pauper. If the claim made by the plaintiff, that the personal estate of the citizens of the town is, when taken by taxation for the use of the town, the personal estate or property of the town, is admitted, the plaintiff would not stand any better than an individual, who, by the like wrongful act of the intestate, should be obliged to take some portion of his personal property and expend it for the support of the pauper. Could such an individual, under the circumstances stated, maintain an action by force of the statute against the intestate's estate ? We think not. The statute under consideration has been before this court on several occasions. In *Adm'r of Barrett* v. *Copeland*, 20 Vt. 244, the court held the action did not survive. The facts in that case were these ; Copeland was constable of Middletown, in the county of Rutland, and had an execution in his hands against the body of Barrett. He made a return upon the execution, that he arrested Barrett at Middletown, that Barrett escaped, and he retook him at Bennington, on fresh pursuit, where he would have had no authority to have made the arrest. Barrett brought an action against him for an assault committed at Bennington. On the trial, Copeland introduced the execution and his return, which the county court held to be conclusive evidence in his favor, and he obtained a verdict, which however

was set aside by the supreme court. Before another trial, Barrett died and the suit abated. The administrator of Barrett then brought an action on the case against Copeland for having made a false return on the execution. alleging that, by Copeland's use of his false return in the action of assault, the intestate had been defeated in that action, and had thereby been put to expense and damage. The gravamen of the action was that the intestate had been compelled to use some portion of his estate in paying the expenses in that action, by reason of Copeland's having made the false return, and that thereby the estate of the intestate had been lessened. It is difficult to distinguish in principle that case from the case at bar. In that case, the intestate had been compelled to pay out money and thereby lessen his estate, by the making of the false return, the wrongful act set up in that case. In the case at bar, the plaintiff has been obliged to raise money by taxation, from its citizens, and pay out the same for the support of the pauper, by the wrongful act of the intestate, in bringing, or aiding in bringing, the pauper into Winhall without an order of removal. The correctness of the decision on the facts in *Adm'r of Barrett* v. *Copeland*, has never been questioned by this court that we are aware of. POLAND, J., in delivering the opinion of the court in *Dana, Adm'r*, v. *Lull*, 21 Vt. 383, while he criticises the reasoning of Judge BENNETT in *Adm'r of Barrett* v. *Copeland*, by which Judge BENNETT held that our statute was not to receive the same liberal construction as obtained under the statute of 4 Edw. III., says: "The decision of the court in that case we have no doubt was entirely correct, though some of the expressions used by the judge in giving the opinion, if they are to be understood in the most extended signification, would narrow and limit the survivorship of action beyond what we should be disposed at this time to hold. The action in that case was, not only in form, but in reality, for a tort; and although it was against the defendant as an officer, still, we think the case a very different one from a case like the present where the action is *ex delicto* in form merely. Indeed, we think the cause of action in the case of *Adm'r of Barrett* v. *Copeland*, could not have been holden to survive under the enlarged and liberal rule which obtained under the statute

of 4 Edw. III., which was, that all actions for injuries or wrongs, which were *directly* detrimental to the assets of the deceased, survived to his representative." Judge HALL, in giving the opinion of the court in *Bellows* v. *Adm'r of Allen*, 22 Vt. 108, says: "Having been present at the hearing of *Barrett* v. *Copeland*, I wish to say a few words further in regard to that case. I concurred in the decision, without reference to any supposed distinction applicable to that case, between our statute and that of 4 Edward III. I thought that action did not survive under the English statute, and think so now." These two later cases, instead of revoking the authority of *Adm'r of Barrett* v. *Copeland*, on the facts in that case, recognize that case as having been correctly decided, and confirm it as the law applicable to such cases. The only question these later cases raise in regard to the decision in that case, is, as to the correctness of the doctrine announced by Judge BENNETT in delivering the opinion, that, in order for a tortious action to survive under the statute, it must be brought " to recover for damages done to some specific property." The two later cases hold that in the words, " personal estate," as used in the statute, is included every description of property not coming under the denomination of real estate, so that the statute applies and furnishes a remedy for injuries done to the rights and credits of a testator or intestate, as well as to his specific goods and chattels ; but these cases hold, with the case *Adm'r of Barrett* v. *Copeland*, that the statute applies and keeps alive an action only for injuries done directly to the personal estate of a testator or intestate, giving to the words, " personal estate," this enlarged signification. Where the tortious act simply affects the personal estate indirectly, for instance, by inducing a testator or intestate to pay money, or to sell goods to a person unworthy of credit, whereby his goods are lost, although his estate is thereby lessened, the action does not survive by force of the statute. This is in conformity with the decisions in Massachusetts under a similar statute. *Read* v. *Hatch*, 19 Pick. 47.

Judgment of the county court dismissing the appeal for the reason the action does not survive, is affirmed, and the same is to be certified to the probate court.