## WITTERS, Receiver, etc., v. FOSTER, Adm'r, etc.

(*Circuit Court, D. Vermont.* March 13, 1886.)

1. ACTION—SURVIVAL OF—REV. ST. § 955.
   The laws of the United States prescribe methods only for reviving suits that do survive, but do not prescribe what suits shall survive.

2. SAME—REVIVOR OF ACTION AGAINST DIRECTOR OF NATIONAL BANK FOR NEGLIGENT PERFORMANCE OF DUTY—VERMONT STATUTES.
   Under the laws of Vermont an action against a director of a national bank for negligent performance of duty in not requiring a bond from the cashier, and otherwise mismanaging the affairs of the bank, abates by his death, and cannot be revived against his administrator.

In Equity.
*Chester W. Witters,* for orator.
*Albert P. Cross,* for defendant.

WHEELER, J. This is a bill of revivor. The original bill charged the intestate, in connection with others as directors of the bank, with neglect of duty in not requiring a bond of the cashier, and in not holding meetings and appointing committees and receiving reports as required by the by-laws; in allowing persons to become indebted to an amount exceeding one-tenth of the capital; and in reckoning assets as good as a basis of dividends, when they were in fact worthless, contrary to the provisions of the statutes. Sections 5200, 5202, 5204.

Objection is made to reviving the suit upon the grounds that the court has not jurisdiction since the act of June 3, 1882, and that the cause of action does not survive. The cause of action rests upon the requirements of the laws of the United States, and by-laws made pursuant to such laws, and therefore is one arising under those laws, jurisdiction over which is not taken away by that act.

The important question is whether the cause of action survives. This question is to be determined by the law of the state of Vermont, where the bank was situated and the intestate died. *Henshaw* v. *Miller,* 17 How. 212. The laws of the United States prescribe methods only for reviving suits that do survive, but do not prescribe what suits shall survive. Rev. St. § 955. The statutes of Vermont applicable to this case provide that actions of trespass and trespass on the case, for damages done to real or personal estate, shall survive. Rev. Laws, § 2133. This statute is not any more broad than the English statute of 4 Edw. III. *c.* 7. *Barrett* v. *Copeland,* 20 Vt. 244; *Dana* v. *Lull,* 21 Vt. 383; *Bellows* v. *Allen,* 22 Vt. 108; *Winhall* v. *Sawyer,* 45 Vt. 466; REDFIELD, J., *Manwell* v. *Briggs,* 17 Vt. 176.

The ground of the orator's claim against the intestate was his personal and official guilt, not the misappropriation or misapplication of any property of the bank in his possession, nor the interference by him with any property of the bank in possession or in action, but the omission of duties which, if performed, might benefit the assets of the bank. In *Hambly* v. *Trott,* Cowp. 372, Lord MANSFIELD said: "All private criminal injuries or wrongs, as well as public crimes, are buried with the offender." There are many cases under such statutes where it is held that actions resting upon such personal wrong-doing, although followed by pecuniary damage, do not survive. *Baily* v. *Baily,* 1 T. Raym. 71, which was for neglect to return a cow taken for agistment; *Stebbins* v. *Palmer,* 1 Pick. 71, which was for breach of promise of marriage; *Holmes* v. *Moore,* 5 Pick. 257, which was for diverting water from a mill; *Read* v. *Hatch,* 19 Pick. 47, which was for fraudulently recommending a trader to credit; *Barrett* v. *Copeland,*

20 Vt. 244, which was for making a false return as constable; *Henshaw* v. *Miller*, 17 How. 212, which was for a false representation as to credit; and *Winhall* v. *Sawyer*, 45 Vt. 466, which was for unlawfully transporting a pauper into a town to charge the town with her support. There are no cases which have been cited or noticed that are really to the contrary. In *Dana* v. *Lull*, 21 Vt. 383, which was for neglect of a deputy-sheriff in not keeping property attached on a writ to respond to the execution, the deputy had the specific property in his hands which he was in duty bound to keep; and in *Bellows* v. *Allen*, 22 Vt. 108, which was for not paying over money by a deputy-sheriff collected on an execution, the deputy actually had the money in his hands and detained it. There was an acquisition by the deputy at the expense of the other party in each case.

The cause of action does not appear to survive by the laws of Vermont, as now understood. Bill of revivor dismissed.