WHEELER, District Judge.
The Code of Public General Laws of Maryland provides (article 23, § 67):
“If the trustees, managers or directors of any such corporation shall declare and pay any dividend when the corporation is insolvent, or any dividend the payment of which would render it insolvent, or would diminish the amount of the capital stock, they shall be jointly and severally liable for all the debts of the corporation then existing, and also for all that shall thereafter be contracted while they shall respectively continue in office, even although the whole amount of the capital of said corporation has been paid in.”
And section 69:
“Iso loan of money shall be made by any such corporation to any stockholder therein; and if any such loan shall be made to any stockholder the officer or officers who shall make it, or who shall assent thereto, shall be jointly and severally liable for all the debts of the corporation contracted before the making of the said loan to the extent of double the amount of the said loan.”
The laws of the state of New York provide (2 Rev. St. p. 447, § 1) that actions survive:
“(1) For wrongs done to the property rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executors or administrators, against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects as actions founded upon contracts.”
And by Code Civ. Proc. § 1837:
“An action may be maintained as prescribed in this article against the surviving husband or wife of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator, to recover to the extent of the assets paid or distributed to them for a debt of the decedent upon which an action might have been maintained against the executor or administrator.”
And by section 1843:
“The heirs of an intestate and the heirs and devisees of a testator are respectively liable for the debts of a decedent arising by simple contract or by specialty to the extent of the estate, interest and right in the real property which descended to them from or was effectually devised to them by the decedent.”
The bill in this case sets forth the formation and existence of such a corporation at Baltimore, by the name of the American Casualty Insurance & Security Company of Baltimore City; that Henry W. Slocum, Sr., of Brooklyn, N. Y., was a stockholder in and director of that corporation; that as such director, with other directors, he violated section 67 of that article of the Code of Maryland by declaring a dividend when the corporation was insolvent, and section 69 by making loans to stockholders to a large amount, and afterwards died, leaving a will by which he devised a large amount of real estate, and bequeathed a large amount of personal estate, to the defendant Henry W. Slocum, Jr., who has received the same by distribution under the will; that the orators are creditors of the corporation, and bring this bill in behalf of themselves and all other creditors-against Henry W. Slocum, Jr., among others, to- reach the property of the testator now so held by him. The case has now been heard on his demurrer to the bill, and the question is whether, under these laws of New York, where this suit is brought, the cause of action survives against the executors of his testator, and can be enforced *590 against him, so as to reach this property, real and personal, received by him under the will. Under these statutes of New York, no actions survive except such as are for wrongs to property rights and interests. Neither of these sections of that article of the Maryland Code extend to or cover any wrong done to any property of the plaintiffs, or would give them any right of recovery against Henry W. Slocum, Sr., for anything else than his personal conduct, as director, in- the management of the corporation, without reference to any amount of the property of the corporation to be affected, or making the right of recovery proportional to the amount. The cause of action is of entirely a personal character, depending entirely upon the personal conduct, of the director, as such, in creating the liability. The consequences of this conduct may effect a right of recovery which would result in property to the plaintiffs, but the action is not founded upon any such effect to any other property than such as may be acquired by such a recovery. In such cases, under similar statutes, the cause of action would not seem to survive. Read v. Hatch, 19 Pick. 47; Winhall v. Sawyer’s Estate, 45 Vt. 466; Zabriskie v. Smith, 13 N. Y. 322; Stokes v. Stickney, 96 N. Y. 323; Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. 787; and Witters v. Foster, 23 Blatchf. 457, 26 Fed. 737. Upon these authorities, without attempting to cite all, or nearly all, of those that bear upon this question, the bill, which sets out no other ground of action against Henry W. Slocum, Jr., seems, to be insufficient. Demurrer sustained.