WHEELER, District Judge.
This suit is like that of Railroad Co. v. Graves, 80 Fed. 588, as to the making of loans to stockholders of the American Casualty Insurance & Security Company of Baltimore City, except that the plaintiffs are alleged to be so receivers and assignees of the property and rights of action of the corporation as to represent it; and the bill also alleges great loss to the corporation by reason of these loans, and:
“Seventeenth. That the said loans, and each thereof, were not only illegal, and in direct contravention of the statutes of said state, and expressly prohibited by the charter of said corporation, as has been hereinbefore set forth, but the same constituted investments of the corporate funds which were un *591 suitable to its business, unreasonably hazardous, insufficiently secured, and such as no ordinarily prudent man,' endeavoring conscientiously to discharge his duties as director of a corporation, would or could have sanctioned or approved, and that the facts with respect thereto, and establishing the impropriety, in a commercial sense, thereof, were either directly known to, or were readily accessible to, all of said directors, including said defendants and said Henry W. Slocum, and could have been ascertained by them by the exercise of such reasonable vigilance and activity as was imperatively demanded of them by their obvious obligation as such directors.”
This case has also now been heard upon the demurrer of the defendant Henry W. Slocum, Jr.
The same considerations by which the cause of action in that case, upon the statute quoted there, did not survive, apply also here; and for the same reason the cause of action, so far as created by the statutes, is also held not to survive here. But, upon the allegations here, a wrong to the property of the corporation by negligence of some of the directors in making the loans resulting in loss is alleged; and the question here is whether such a wrong is so alleged, as to the director Henry W. Slocum, Sr., as to survive against his estate, and be chargeable upon his estate and property distributed to the defendant Henry W. Slocum, Jr. This part is like a common-law action for the negligence of this director. At common law one director does not seem to be liable for the misconduct of co-directors not participated in, as a wrongdoer, by him. Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924. In that case, Mr. Chief Justice Puller said:
“They cannot be held responsible for losses resulting from the wrongful acts or omissions of other directors or agents, unless the loss is a consequence of their own neglect of duty, either for failure to supervise the business with attention, or in neglecting to use proper care in the appointment of agents.”
The allegation against the director Henry W. Slocum, Sr., quoted from the bill, does not charge him personally with any neglect in either of these respects, but merely charges neglect by the directors, without mentioning him, and, as to him, says they were either known to, or readily accessible to, all of the directors, including him, and could have been ascertained by them by the exercise of such reasonable vigilance and activity as was demanded of them by their obligation as directors. This form of allegation does not even charge knowledge, but only that the facts could have been ascertained by the exercise of reasonable vigilance. This seems to be far short of any allegation of such negligence on his part as would make him liable. Therefore the bill alleges nothing as to this part of the case calling for any answer by the defendant Henry W.. Slocum, Jr. Demurrer sustained.