LOUISA YOUNG *vs.* LYMAN AYLESWORTH, *et al.*

APRIL 21, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Actions. Survival.*

As an action *ex delicto* does not survive at common law, it can only survive by virtue of Gen. Laws, 1909, cap. 283, § 7, "In addition to the causes of action and actions which at common law survive the death of the plaintiff or defendant therein, the following causes of action or actions shall also survive—Third. Causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal property."

(2) *Actions. Survival. Conspiracy.*

The test as to whether an action of the case for conspiracy survives is whether a case is stated which brings it within the provisions of sec. 7 of cap. 283 of Gen. Laws, 1909.

(3) *Conspiracy. Actions. Damages.*

The gist of the civil action for damages suffered by reason of conspiracy is the actual damage sustained by the plaintiff and not the confederating together.

(4) *Damages to the Person.*

Damages "to the person," under Gen. Laws, 1909, cap. 283, § 7, embraces bodily or physical injury directly resulting from the wrongful act, but does not extend to torts affecting only the feelings and reputation.

(5) *Survival. Actions. Conspiracy.*

An action of conspiracy where the declaration alleges that in pursuance of a conspiracy to injure the plaintiff, certain defendants procured the execution of a deed of the real estate of the incorporated society of which plaintiff was a member, whereby the society conveyed all of its land, buildings and personal property for the purpose of depriving plaintiff of her rights therein, states no cause of action which survives as against the personal representative of a defendant, because plaintiff had no assignable property interest so long as the society continued its active existence, but merely a right to share according to its rules in such assets as remained in liquidation after the payment of its indebtedness, and whether this right is of such a nature as to be entitled to be called "personal estate" the court does not decide, in the absence of any specific allegation in the declaration that the society was possessed of property at the time of the surrender of its charter of such an amount as to afford any surplus for distribution, or if so, that plaintiff was entitled to share therein, and therefore, the declaration does not sufficiently aver that plaintiff possessed personal estate which was injured by the alleged acts of the defendant.

An allegation of the deprivation of the benefits belonging to plaintiff through her membership in the society, it not being alleged that such benefits were property or estate, was insufficient as was also the statement as to "great pecuniary and other losses," in the enumeration of damages.

*(6) Actions. Survival. Damages.*

*Semble:* In a tort action the fact that different rules of damages would apply to the living defendants and to the representative of a deceased defendant, would not prevent the survivability of an action against the estate of a deceased defendant.

*(7) Damages. Judgments.*

*Semble:* In an action of tort the damages are not divisible; there can be but one verdict and for one amount against all found guilty, and a plaintiff should have judgment against all for the largest amount found against any one of them, but a plaintiff in the same judgment cannot get compensatory damages against some, and punitive damages against the others.

ACTION OF THE CASE for conspiracy. Certified under Gen. Laws, 1909, cap. 298, § 5.

BAKER, J. This case is certified to this court under the provisions of Sec. 5 of Chap. 298 of Gen. Laws from the Superior Court for Washington County for the determination of the following question of law. "As against the defendant, Lyman Aylesworth, does the cause of action set forth in the declaration survive the death of Lyman Aylesworth?" This is an action of the case for conspiracy brought against seven defendants of whom the said Aylesworth was one. The writ issued April 26, 1911. The case was assigned for trial on February 20, 1913. Said Lyman Aylesworth died November 27, 1912. His death was suggested upon the record January 21, 1913, and on the 6th day of February, 1913, Sarah M. Shippee, executrix of the last will and testament of the said Aylesworth, was ordered by said Superior Court to appear and take upon herself the defence of this action, ten days after service of notice of said order upon her being allowed for her appearance herein. On February 17, 1913, Samuel W. K. Allen, Esq., calling himself *amicus curiae* for and in behalf of said executrix, suggested to the court in writing that she is not bound in law to assume such defence because said action abated as to said Ayles-

worth as a consequence of his death as aforesaid. Where-upon upon March 1, 1913, the foregoing question was certified as above stated.

The gist of the civil action for damages suffered by reason of conspiracy is the actual damage sustained by the plaintiff and not the confederating together. Plaintiff in her declaration alleges that in 1887 she became a charter member of Davisville Grange, a corporation, and a sub-ordinate grange to the Order of Patrons of Husbandry, and that in 1906 the defendants "did wickedly, unlawfully and maliciously conspire, combine, confederate and agree to-gether among themselves with intent to defame her, the said Louisa Young, her to disgrace, shame and injure and her to deprive of the benefits to her accruing and belonging through her membership in said grange and Order of Pat-rons of Husbandry and her to injure in her good name, reputation and character as a citizen in the community in which she lives and elsewhere, and her to brand as a former member of said grange and order who had been accused, charged and tried, convicted and expelled from said grange and order" by falsely and maliciously bringing charges against her as a member of said Davisville Grange, whereby she was expelled from said order by reason of which she alleges that she "was grievously hurt, wounded and injured in her rights as a member of said Order of Patrons of Husbandry, and in her reputation as a citizen and a member of the community in which she lived, and she has ever since suffered and will hereafter continue to suffer great losses, pains and injuries in consequence thereof, and she was submitted to great mortification of mind, humiliation, public scandal, public shame, infamy and dis-grace and was greatly injured in her standing and reputa-tion in the community in which she lived and still lives by the public scandal, public exposure, public degradation and public humiliation to which she has been and is still exposed, whereby she has suffered great pecuniary and other losses and mental shock, anxiety and anguish." The

declaration is of great length, twenty-six pages in all, but the foregoing quotations in substance set forth the character of the alleged conspiracy and the damages claimed to result therefrom.

(1)     As this is an action *ex delicto* it does not survive at common law and if it survives it does so by virtue of that portion of Sec. 7 of Chap. 283 of the Gen. Laws, which, so far as is important in this case, reads as follows: "Sec. 7. In addition to the causes of action and actions which at common law survive the death of the plaintiff or defendant therein, the following causes of action or actions shall also survive: . . . THIRD. Causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate."

The words "damages to the person," in the Massachusetts statute, similar in phraseology, relative to the survival of actions have been passed on frequently by the courts of that state. When the substantial cause of action is bodily or physical injury directly resulting from the wrongful act, whether lying in trespass or trespass on the case, the action survives. *Cutting* v. *Tower, et al.*, 14 Gray 183; *Norton* v. *Sewall*, 106 Mass. 143. On the other hand, these words do not extend to torts not directly affecting the person, but only the feelings and reputation. *Walters* v. *Nettleton*, 5 Cush. 544; *Cummings* v. *Bird*, 115 Mass. 346; *Nettleton* v. *Dinehart*, 5 Cush. 543; *Smith* v. *Sherman*, 4 Cush. 408.

In this case the declaration asserts no claim of injury to real estate and if a cause of action is stated it is for damages to the person or to the personal estate. It is plain, however, from the judicial construction placed upon the words "damages to the person" that no cause of action is set forth in the declaration based upon damages to the person which as to him survives the death of Lyman Aylesworth. The plaintiff makes no claim of survival on this ground. Therefore, if a cause of action is stated which can survive as to the deceased defendant's executrix it

must be found in the allegation of damages to the plaintiff's personal estate. There is no specific allegation in the declaration of injury to the plaintiff's personal estate and if there be any cause of action of that nature set out it is to be found in the quotation from said declaration which, after an enumeration of various acts and proceedings of the defendants, runs as follows, namely: "On, to wit, the 3rd day of March, A. D. 1909, in further pursuance of said conspiracy with the intent and for the purpose aforesaid Thomas G. Mathewson, Charles H. Allen, Frank E. Vaughn procured the execution of a deed of real estate belonging to the said Davisville Grange, number 8, to one William R. Essex, a member of said Davisville Grange, number 8, and an employee of the said Mathewson, wherein the said grange for a nominal consideration conveyed away all of its land, buildings and personal property to said Essex collusively and for the fraudulent purpose and with the illegal design of conveying away the property of the said Davisville Grange, number 8, from the said grange in order to deprive the plaintiff of her rights therein."

There has been some diversity of decisions as to what is meant in the statutes by the words "damages to personal estate." It has been held that the statute must be confined to damages done to some specific property, mere pecuniary loss not being regarded as such damage. See *Read* v. *Hatch*, 19 Pick. 47; *Barrett* v. *Copeland*, 20 Vt. 244; *United States* v. *Daniel, et al.*, 6 How. 11; *Henshaw* v. *Miller*, 17 How. 212; *Leggate* v. *Moulton*, 115 Mass. 552.

In *Bellows* v. *Adm'r of Allen*, 22 Vt. 108, it is held that the term "personal estate" includes rights and credits.

The cases of *Aldrich* v. *Howard*, 8 R. I. 126, *Reynolds* v. *Hennessy*, 17 R. I. 169, and *Aylesworth* v. *Curtis*, 19 R. I. 517, were, in each instance, held to survive because of damage to some specific property. In *Aldrich* v. *Howard*, *supra*, 128, the court indicates that the statute provides not only for actions of trespass where the injury is a direct and immediate effect of a wrongful violent act, but for

actions of the case where the damages, although not immediate, to be recoverable, must be the natural and proximate consequence of the wrongful act. The implication is that damages which are remote and indirect do not make a cause of action under the statute. In *Reynolds* v. *Hennessy, supra,* 173, the court says: "We think it is clearly deducible from all the cases that, where there is simply a tort, not otherwise affecting the estate itself than by indirect loss, an action *ex delicto* does not survive." This citation is quoted with approval in *Aylesworth* v. *Curtis, supra,* 517.

There seems to be no good reason why an action of the case of the nature of conspiracy should not survive. The test in each instance is as to whether a case is stated which brings it within the provisions of Sec. 7 of Chap. 283 of the Gen. Laws above quoted.

In the last quotation from the declaration it is alleged that in pursuance of said conspiracy certain of the defendants procured the execution of a deed of the real estate of said grange wherein said grange conveyed all of its land, buildings and personal property for the purpose of depriving the plaintiff of her rights therein. What her rights were, whether property rights or otherwise, is not clearly set out and rests in implication or inference. If the grange owned property, she had no severable right to any of its property, but merely a right to its joint use and enjoyment as long as she continued to be a member. She had no assignable property interest so long as the grange continued its active existence. 25 Am. & Eng. Encyc. of Law, 1735. In the event that the corporation should go into liquidation during her membership and after the satisfaction of all of its debts and obligations, assets then remained, the plaintiff, as such member would unless otherwise provided by its rules be entitled to a share in them.

Whether or not her rights in the property of the grange are of such a nature as to entitle them to be called personal estate it is not necessary now to determine. It is plain that there is no clear and specific allegation in the last

quotation from the declaration that the grange was possessed of property at the time of the surrender of its charter of such an amount as to afford any surplus for distribution and, if so, that she was entitled to share therein. There is, therefore, no sufficient statement in said quotation that the plaintiff possessed personal estate which was injured by the alleged wrongful acts of the defendant. What is here said obviously covers, in a general way, an earlier allegation in the declaration that defendants confederated "her to deprive of the benefits to her belonging through her membership in said grange and order," it not being alleged that these "benefits" are property or estate, while the words "great pecuniary and other losses" in the enumeration of damages near the end of the declaration are vague statements of the result of some previously alleged wrongful act. It follows that the declaration states no cause of action which survives as against the personal representative of Lyman Aylesworth.

Section 9 of Chapter 283 of the Gen. Laws provides that "against the executor or administrator of the party originally liable, the plaintiff shall be entitled to recover only . . . the damages actually sustained without any vindictive or exemplary damages, or damages for any alleged outrage to the feelings of the injured party."

As stated in Sedgwick on Damages, 9 Ed. Sec. 431, "In an action of tort the damages are not divisible. There can be but one verdict and for one amount against all of those found guilty." Inasmuch as in the present case if it survived as to the representative of Lyman Aylesworth different rules of damages would apply to the living defendants on the one hand and to the deceased's representative on the other, it is argued that this is a ground for the abatement of the action as to Aylesworth. While under the rule for the assessment of damages above stated, the gist of the action being damages, the plaintiff should have judgment against all found guilty for the largest amount

found against any one of them (see *Halsey* v. *Woodruff*, 9 Pick. 555; *Beal* v. *Finch*, 11 N. Y. 128, 136, 142; *Huddleston* v. *West Bellevue*, 111 Pa. St. 110, 123), yet the injured party in one and the same judgment cannot get compensatory damages against some of the parties and punitive damages against the others, 38 Cyc. 493. Of course a plaintiff can elect to proceed against all joint tort feasors, or only against part of them. Sutherland on Damages, Sec. 140. A situation like the one in this case may, in a, way, force a plaintiff to an election as to bringing in the representative of the deceased defendant with a possibility of restricting his damages against all to compensatory damages or proceeding against the living defendants alone with a right to recover against them all damages which can be shown.

In Pennsylvania the court has declined to summon in the personal representative of the deceased, although the cause of action survives against him, apparently on account of the difficulty of rendering a judgment against the surviving defendants and the executor of the dead one. *Mechanics Insurance Co.* v. *Spang*, 5 Pa. St. 113; *Cowell* v. *Pitcher*, 13 Pa. Co. Ct. Rep. 583; see, also, *Clayton* v. *Henderson*, 103 Ky. 228. In the Pennsylvania cases, *supra*, it is stated that the plaintiff can proceed alone against the executor if he desires. It is not now necessary to decide the question just suggested. It is enough to say that the difficulties in an action like the present one as to verdict and judgment in the matter of damages arising from the joinder of surviving defendants and the representative of a deceased one do not, in our opinion, prevent the survivability of an action against the estate of a deceased defendant. In the present case, however, we have only to answer the question certified. As hereinbefore indicated, we are of the opinion that against the defendant Lyman Aylesworth the cause of action set forth in the declaration does not survive his death and accordingly answer the question submitted in the negative. The

papers in this case are sent back to the Superior Court for Washington County, with our decision certified thereon.

*Amasa M. Eaton, Bellin & Bellin,* for complainant.

*Samuel W. K. Allen,* for respondents.