Argued September 12, reversed September 19, 1917.

## CHRUDINSKY *v.* EVANS.

(167 Pac. 562.)

**Trial—Argument—Statement of Counsel.**

1.   Allowing counsel for plaintiff, in action for damages for fraud inducing a purchase, to state that plaintiff offers to take a certain sum and return the property, giving defendant till the next morning to accept, is error; it injecting a spurious issue, and also amounting to a self-serving declaration that plaintiff is disposed to compromise.

[As to misconduct of counsel in argument that calls for new trial, see note in 9 Am. St. Rep. 559.]

**Appeal and Error—Review—Necessity of Bill of Exceptions.**

2.   For review of the entry of a separate judgment on the separate verdict against defendants, sued as joint tort-feasors, bill of exceptions is not necessary; Section 172, L. O. L., providing that no exception need be taken to a decision on a matter of law, when it is entered in the journal, or made wholly on matters in writing and on file in the court.

**Trial—Verdict—Apportioning Damages.**

3. In the absence of statutory authority, the jury may not apportion damages against defendants, sued as joint tort-feasors.

**Trial—Verdict—Action for Joint Tort.**

4. Section 180, L. O. L., authorizing judgment for or against one or more of several plaintiffs or defendants, does not allow of verdict and judgment in different amounts against defendants, sued as joint tort-feasors.

**Appeal and Error—Action for Joint Tort—Verdict—Right to Complain.**

5. Defendants, sued as joint tort-feasors, and not merely plaintiff, may complain of verdict and judgment against defendants in different amounts.

From Multnomah: Henry E. McGinn, Judge.

Department 2.    Statement by Mr. Justice Burnett.

This is an action to recover damages from the defendants on account of fraud which plaintiff alleges they perpetrated upon her, whereby they induced her to purchase the lease and furniture of an apartment house in Portland at much more than its real value.

The separate answers of the defendants traverse all the averments of the complaint charging fraud. The jury returned two verdicts for the plaintiff, one against the defendant Evans in the sum of $250 and another against the defendant Lent for $1,150. A judgment was rendered accordingly and the defendant Lent appeals.    Reversed.

For appellant there was a brief over the names of *Mr. Isham N. Smith* and *Mr. John F. Logan,* with an oral argument by *Mr. Smith.*

For respondent, Josephine L. Chrudinsky, there was a brief over the names of *Mr. Walter G. Hayes* and *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. Alfred E. Clark.*

For respondent, Monemia Evans, there was a brief over the name of *Messrs. Westbrook & Westbrook.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The defendant complains that during the argument to the jury plaintiff's counsel stated:

"The plaintiff now offers to take a thousand dollars and return to the defendant the property. Now, see if they will take up our offer and we will give them until to-morrow morning to come into court and accept the offer."

The court overruled the objection of counsel for the defendant Lent to this argument, refused to withdraw the matter from the jury, and she excepted. This was error because the remark attempted to inject into the case a spurious issue and tended to divert the minds of the jurors from the question they were called upon to try. The present action is not one for rescission of the contract, but to recover damages for fraud inducing the same. The theory of the case is that the plaintiff elects to retain the property but to recover damages, while the argument offered proceeded upon the hypothesis that the covenant was to be rescinded and the property returned. The utterance of the attorney also amounted to a gratuitous self-serving declaration that his client was disposed to compromise and was calculated to influence the jury by irrelevant matter.

It is also assigned as error that the court did not give to the jury an instruction submitted by the defendant Lent describing the elements of actionable fraud; but an examination of the charge given shows that all these elements were carefully and lucidly explained to the jury in substance the same as requested.

2. The principal error relied upon by the appealing defendant is the entry of a separate judgment on the several verdicts. For one thing, in opposition to this, the plaintiff contends that the defendant cannot be heard here on that point because there is nothing about it in the bill of exceptions. We read, however, in Section 172, L. O. L.:

"No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court."

An exception is an objection and a bill of exceptions is necessary only where the matter to which it applies does not otherwise appear of record. Here, however, the decision complained of was made upon these written verdicts which were filed, and was embodied in an entry upon the journal of the court. Hence there was no need of duplicating the history of the transaction impugned.

- 3. It is well settled by the great weight of authority that in the absence of a statute authorizing an apportionment of damages among joint tort-feasors, the jurors have no right to divide them and assess a portion to each defendant thus concerned in the perpetration of a common wrong: *Nashville Ry. etc. Co.* v. *Trawick,* 118 Tenn. 273 (99 S. W. 695, 121 Am. St. Rep. 996, 12 Ann. Cas. 532, 10 L. R. A. (N. S.) 191); *Railroad* v. *Jones,* 100 Tenn. 512 (45 S. W. 681); *Washington Gas Light Co.* v. *Lansden,* 172 U. S. 534, 553 (43 L. Ed. 543, 19 Sup. Ct. Rep. 296); *Hunter* v. *Wakefield,* 97 Ga. 543 (25 S. E. 347, 54 Am. St. Rep. 438); *City of Birmingham* v. *Hawkins* (Ala.), 72 South. 25; *Glore* v. *Akin,* 131 Ga. 481 (62 S. E. 580); *Lynch* v. *Chicago,* 152 Ill. App. 160; *Young* v. *Aylesworth,* 35 R. I. 259, 86 Atl. 555; *Foy* v. *Barry,* 159 App. Div. 749 (144 N. Y.

Supp. 971); *McCool* v. *Mahoney,* 54 Cal. 491. The contrary doctrine appears to be supported by some Kentucky cases, notably, *Louisville etc. Co.* v. *Roth,* 130 Ky. 759 (114 S. W. 264), and *Cincinnati etc. Ry. Co.* v. *McElroy,* 146 Ky. 668 (142 S. W. 1009), but they depend upon a special statute of that state (Section 12, Kentucky Statutes) expressly allowing the jury to assess several or joint damages against several defendants in trespass. The plaintiff relies upon the case of *Rathbone* v. *Detroit United Ry. Co.,* 187 Mich. 586 (154 N. W. 143). There the complaining party was a passenger on the train of the Detroit United Railway which collided with some of the vehicles of The Good Roads Construction Company. He sued both companies. The verdict was for the plaintiff in the sum of $10,000, against the railway company for $6,000, and against the construction company for $4,000. The majority of the court held that the apportionment could not be regarded as surplusage and that the verdict should not have been received nor judgment rendered thereon; while the minority urged that the apportionment could be rejected as surplusage and that the verdict should stand as one for $10,000 against both defendants. Each opinion is against the doctrine that the jury has a right to apportion damages against joint tort-feasors who are included in the same charge as such. The only point of difference between the judges was whether the apportionment could be rejected as surplusage and the remainder of the verdict allowed to stand.

4, 5. It is true that Section 180, L. O. L., says:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

This statute is designed to remedy the evil that resulted from the old rule laid down by some authorities that if a plaintiff charged two defendants jointly, he must prove his case against both of them and must suffer complete defeat if he only sustained the charge against one. Under this enactment as applied to the present litigation, if the plaintiff had utterly failed to make a case against the defendant Evans yet proved her allegations against the defendant Lent, a verdict could have been returned in favor of Miss Evans and another for a stated amount of damages against Mrs. Lent, and judgment could thus have been rendered for Miss Evans and against Mrs. Lent. This section, however, does not authorize the entry of one judgment against one wrongdoer and another against the other where they are sued jointly. There are cases like *Jones* v. *Grimmet,* 4 W. Va. 104, *Crawford* v. *Morris,* 5 Gratt. (Va.) 90, and *Hooks* v. *Vet,* 192 Fed. 314 (113 C. C. A. 526), which hold that only the plaintiff can complain of such a verdict; and *Nashville etc. Co.* v. *Trawick,* 118 Tenn. 273 (99 S. W. 695, 121 Am. St. Rep. 996, 12 Ann. Cas. 532, 10 L. R. A. (N. S.) 191, which points out how the matter might have been remedied at *nisi prius.* A controlling precedent on this subject, however, is found in *Washington Gas Light Co.* v. *Lansden,* 172 U. S. 553 (43 L. Ed. 543, 19 Sup. Ct. Rep. 296), where the court ruled that on account of the possible injustice that might be done to an appellant such judgments should be reversed for a new trial. The doctrine is peculiarly applicable to the instant contention for there is neither allegation nor proof that one defendant was more to blame than the other in the transaction in question.

A verdict is a declaration of the truth of the matter in controversy. It should correspond to the issue as

laid. If the defendants are charged as joint tort-feasors and both are found liable, the jury has no right to sever them and treat the case in their verdict as if a separate action had been instituted against each defendant.

Our statute provides in Sections 150 and 151, L. O. L.:

"If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out."

"When the verdict is given, and is such as the court may receive, and if no juror disagree, or the jury be not again sent out, the clerk shall file the verdict."

This is the appropriate procedure to be followed in such a case. The court was in error in disregarding it and allowing the double-headed verdict to be filed. The plaintiff had at hand a statutory remedy to obviate the mistake of the jury but did not exercise it.

The other assignments of error are not important. The judgment was plainly erroneous in the respects mentioned and must be reversed.          REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.