Submitted on briefs March 10, modified and affirmed April 28, 1925.

# S. GRANT LEACH *v.* E. W. HELM AND MYRA HELM.

### (235 Pac. 687.)

**Pleading—Complaint in Action for Fraud in Sale of Homestead Relinquishment Held not Fatally Defective.**

1. Complaint in action for fraud in selling plaintiff a homestead relinquishment *held* not fatally defective in absence of demurrer, and when attacked after verdict.

**Pleading—Every Reasonable Intendment is in Favor of Complaint After Verdict, in Absence of Demurrer.**

2. Every reasonable intendment is in favor of complaint, in absence of demurrer and after verdict.

**Fraud—Complaint Held to Show Reliance on Representations as to Location of Land.**

3. Complaint in action for fraud in selling plaintiff a homestead relinquishment when considered in its entirety *held* to show a reliance by plaintiff on defendant's representations as to location and identity of land.

**Fraud—Complaint for Fraud in Sale of Homestead Relinquishment Held to Sho**  ̄ᵊˡᵃᵗⁱᵒⁿ  of  Principal and Agent Between Defendants.

4. Complaint in  action for fr   ᵤ selling homestead relinquishment, alleging tha  defenda   ha  a homestead relinquishment for sale which was ov  ᵈ by h's  od  endant, and that purchase price was paid to def  nts,  ᵈ to  ow a relationship of principal and agent between defendants.

<hr/>

2. See 21 R. C. L. 614.

3. Necessity for reliance on  false representations in order to maintain action for deceit, see note in L. R. A. **(N. S.)** *1915B,* 779. See, also, 12 R. C. L. 352.

Principal and Agent—Principal Could not Question Existence of Agency, if She Accepted Proceeds of Sale.

5. If defendant, in selling plaintiff a homestead relinquishment, was acting for a codefendant, and she accepted proceeds of sale, she could not question existence of defendant's agency.

Trial—Motions for Nonsuit and Directed Verdict Properly Denied, Where Question for Jury Presented.

6. Defendant's motions for nonsuit and directed verdict *held* properly denied, where there was ample evidence to go to jury in support of plaintiff's theory of the case.

Fraud—Negligence in Relying on Representations as to Identity of Land Held for Jury.

7. In action for fraud in selling plaintiff a homestead relinquishment, whether plaintiff was negligent in relying on defendant's representations that land pointed out to him was that on which he had filed as a homestead *held* for jury.

Fraud—Question of Fraud not Affected by Defendant's Mistake.

8. In determining whether defendant was guilty of fraud in selling plaintiff a homestead relinquishment, it was immaterial that he was honestly mistaken in matter of locating plaintiff thereon, where he had reasons to believe that his representations as to land pointed out were being relied on by plaintiff.

Fraud—Joint Liability of Defendants Held Properly Submitted to Jury.

9. In action for fraud in selling plaintiff a homestead relinquishment owned by defendant's codefendant, liability of both defendants *held* properly submitted to jury.

Trial—Reopening of Plaintiff's Case in Chief to Introduce Additional Testimony is Within Discretion of Trial Court.

10. Reopening of plaintiff's case in chief to introduce additional testimony is within discretion of trial court.

Trial—Court's Discretion not Abused in Permitting Plaintiff to Reopen Case in Chief.

11. In action for fraud in sale of homestead relinquishment, court *held* not to have abused its discretion in permitting plaintiff to reopen his case in chief and to introduce additional testimony as to certain statements one of defendants was alleged to have made at previous trial.

---

5. See 21 R. C. L. 932.

6. See 26 R. C. L. 1067.

7. See 12 R. C. L. 374, 378.

8. See 12 R. C. L. 336.

10. Right of court to reopen case for reception of additional evidence after submission to jury, see note in Ann. Cas. 1913C, 1010. See, also, 26 R. C. L. 1042.

**Trial—Jury Unauthorized to Apportion Punitive Damages Between Defendants as Joint Tort-feasors.**

12.. In action for fraud in sale of homestead relinquishment jury was unauthorized to apportion punitive damages between defendants as joint tort-feasors.

**Appeal and Error—Supreme Court Authorized to Enter Judgment Which Record Disclosed Should have Been Entered by Trial Court.**

13. In action for fraud in sale of homestead relinquishment in which verdict apportioned punitive damages between defendants as joint tort-feasors and record disclosed judgment that should have been entered by trial court, Supreme Court was authorized under Article VII, Section 3c, of the Constitution, to enter judgment against both defendants for compensatory damages only.

---

See (1) Pleading, 31 **Cyc.** 82.   (2) Pleading, 31 **Cyc.** 82.   (3) Fraud, 27 **C. J.** 36.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

This is an action for fraud based upon the following material part of the complaint, which defendants assert fails to state facts sufficient to constitute a cause of action:

"That on, and immediately prior to the 23d day of June, 1921, the defendant E. W. Helm represented to the plaintiff that he had for sale a good homestead relinquishment suitable for agricultural purposes and described as follows: [description], and his sister, and the codefendant herein, Myra Helm, owned said homestead relinquishment, and she would relinquish the same upon payment of $250, and thereupon said plaintiff could file on the same.

"That the said plaintiff relied upon said representations and believed the same to be true, and went to the U. S. Land Office with said defendant E. W. Helm, and then and there said defendant surrendered said Myra Helm relinquishment to said U. S. Land Office, and this plaintiff thereupon

---

13.  See 2 **R. C. L.** 280.

filed his application for a homestead entry on said land, which was allowed and approved by said land office, that thereupon the defendant E. W. Helm informed plaintiff that he would locate him upon the said real estate, and the plaintiff and defendant went to a certain place on the Sandy River in Clackamas County, being on the Mt. Hood highway, and the defendant pointed out to plaintiff the location and boundaries of said land, which was suitable for agricultural purposes and satisfactory to plaintiff, and he paid defendants $250, and thereafter proceeded to make preparations to erect a house and other buildings on said premises.

"That shortly thereafter the plaintiff discovered that the place where said defendant had located him was not the premises above described and that no homestead entry could be filed upon that location, and in fact and truth the above-described premises are located on a mountainside and wholly inaccessible and absolutely worthless for agricultural purposes.

"That thereupon said plaintiff at once informed the defendant as to the wrong location of said real estate, and the said defendant E. W. Helm then and there admitted to the plaintiff that it was the wrong location, and the plaintiff then demanded from the defendant the refund of his $250, which the defendant has failed, neglected, and refused to return to the plaintiff, or any part thereof.

"That the representations so made by the defendant to the plaintiff regarding said homestead relinquishment and location of said land were false and untrue and at the time the said defendant made said representations to the plaintiff he well knew and was aware that said representations were false and untrue in this: That the location of said land was false and the correct location of said premises was wholly unfit for agricultural purposes and worthless; that the said defendant deliberately, maliciously, and with the express purpose and intent located the plaintiff upon the said wrong land, and

thereby obtained and secured from said plaintiff the said sum of $250, all to the damage and injury of the said plaintiff. * * ''

"That as a warning to other and similar wrongdoers the plaintiff alleges that $50 is a reasonable amount to be allowed against defendants for punitive damages."

Defendants answered as follows:

"Deny each and every allegation in plaintiff's complaint as set forth therein, and the whole thereof.

"Defendants by way of a further and separate answer and defense allege and say as follows, to wit:

"That some time during the period of 1921, the exact date of which is not known to defendant, the defendant, E. W. Helm, for certain specified consideration, a part of which was for automobile and other expenses, pointed out certain Government lands to the plaintiff, and plaintiff made a homestead entry thereon; that thereafter, said plaintiff becoming dissatisfied with said entry voluntarily relinquished the same back to the Government of the United States.

"That after making said relinquishment as aforesaid, plaintiff still wishing a location on Government land, in company with defendant E. W. Helm, and at the expense of E. W. Helm, entered upon water power site land and instituted a contest for the same, all at the expense of E. W. Helm and with the distinct understanding and agreement that said location and contest was in lieu of all other locations, and that whether successful or not in said contest, that the results of said contest would constitute full compensation and settlement for any and all other locations that were theretofore made, and that defendant E. W. Helm would not be held responsible to plaintiff in any sum whatever, and that defendants owe plaintiff nothing."

Plaintiff's reply was a general denial of the new matter contained in the answer. On the issues thus stated the following verdict was returned:

"We, the jury, empaneled and selected to try the above-entitled action, find for the plaintiff and against the defendants, E. W. Helm and Myra Helm, in the sum of $250 damages, and in the further sum of $50 as punitive damages against E. W. Helm; and that the defendants, E. W. Helm and Myra Helm, were guilty of misrepresentations."

Defendants appeal, assigning numerous errors.

Modified and Affirmed.

For appellants there was a brief over the names of *Mr. George A. Hall* and *Mr. D. C. Lewis.*

For respondent there was a brief over the names of *Mr. Bradley A. Ewers* and *Mr. L. E. Schmitt.*

BELT, J.—1, 2. The complaint herein is far from being a model pleading, but, in the absence of demurrer and after verdict, we believe it is not fatally defective. Every reasonable intendment is in its favor: *Boord* v. *Kaylor,* 100 Or. 366 (197 Pac. 296).

3, 4. Defendants claim that the complaint is insufficient in that it fails to allege that plaintiff relied upon the representations in reference to the location and identity of the land in question. It is alleged by plaintiff that defendant E. W. Helm agreed to locate him on the land, and pursuant thereto did actually point out its boundaries to him, and that he "paid defendants $250, and proceeded to make preparations to erect a house and other buildings on said premises." We think the facts alleged in the complaint when considered in their entirety show a reliance upon the representations made to him, and are equivalent to the usual allegation in actions of this character that "plaintiff believed said representations to be true and relied thereon." A close ques-

tion is presented as to the sufficiency of the complaint in reference to the defendant Myra Helm. Plaintiff alleges, in substance, that E. W. Helm had a homestead relinquishment for sale which was owned by his codefendant, and that after selling the same the purchase price was paid to the defendants. A liberal construction of the pleading warrants the conclusion that the facts therein alleged show a relationship of principal and agent. If it is true that E. W. Helm was selling the land for Myra Helm, and that she accepted the proceeds of the sale, she is not in a position to question the existence of the agency.

5. In *Dillard* v. *Olalla Mining Co.*, 52 Or. 126 (94 Pac. 966, 96 Pac. 678), the well-established rule is announced:

"A principal cannot accept the part of an agent's acts inuring to his benefit, and in the same transaction reject that portion appearing to his injury. The burdens thereof must accompany the benefits; and, whatever may be held in other jurisdictions, this rule in this state is held to be applicable to sales of realty as in other business dealings."

6. Defendants assign error in denying motions for nonsuit and directed verdict. This contention is wholly untenable. There was ample evidence to go to the jury in support of plaintiff's theory of the case. In fact, defendant E. W. Helm admits that a mistake was made by him in pointing out the location and boundaries of the land to the plaintiff, but claims it was an honest mistake and that plaintiff was negligent in not ascertaining the facts as to the identity of the land described in the homestead relinquishment purchased by him.

7. We cannot say as a matter of law that plaintiff was guilty of negligence in relying on the repre-

sentations that the land pointed out to him was that on which he had filed as a homestead. E. W. Helm was engaged in the business of locating persons on government land, and the plaintiff, in the absence of notice to the contrary, had a right to rely upon his representations. The land on which plaintiff had filed was located on the top of a mountain, and was absolutely worthless for agricultural purposes, while that shown to him was comparatively good land, being situated near the famous Mt. Hood Loop Highway.

8. The fact, if it be a fact, that defendant was honestly mistaken in the matter of locating plaintiff is immaterial. Defendant had reason to believe that his representations as to the land pointed out were being relied upon by plaintiff, and he was therefore obliged to speak correctly concerning the same: *Jackman* v. *Northwestern Trust Co.*, 87 Or. 209. (170 Pac. 304). As stated in *Cawston* v. *Sturgis*, 29 Or. 331 (43 Pac. 656):

"When a party undertakes to make representations concerning a matter that he is bargaining about with another, he must know what he represents to be true, if he knows that the other party is relying upon his statements. He is held equally responsible whether he actually knew that the representations were false, or whether he negligently made representations without knowing whether they were true or false."

9. There is evidence that E. W. Helm was acting as agent for his sister Myra in the sale of this homestead relinquishment, and that the money thus obtained was paid to her. Defendants' real defense is in the nature of accord and satisfaction. It is claimed that plaintiff, after discovering the fact that he had been located upon the wrong land, relin-

quished his entry thereon, and agreed to accept location on certain water power site land in full satisfaction and settlement of any claim against defendants arising out of the original transaction. There was no error in submitting the case to the jury as against both defendants.

10, 11. Error is predicated on the ruling of the court in allowing plaintiff's motion to reopen his case in chief and permitting additional testimony as to certain statements that Myra Helm is alleged to have made at a previous trial. This was a matter discretionary with the trial court, and we see no abuse of its authority in that respect: *State* v. *Isenhart,* 32 Or. 170 (52 Pac. 569).

12, 13. Objection to the form of verdict rendered and the judgment entered thereon presents the interesting question as to whether there can be an apportionment of punitive damages as between joint tort-feasors. In *Chrudinsky* v. *Evans,* 85 Or. 548 (167 Pac. 562), the court said:

"It is well settled by the great weight of authority that in the absence of a statute authorizing an apportionment of damages among joint tort-feasors, the jurors have no right to divide them and assess a portion to each defendant thus concerned in the perpetration of a common wrong."

It is true that in the case last cited compensatory and not punitive damages were involved; but we believe that the rule therein announced correctly states the law as applicable to the question under consideration here: *Washington Gas Light Co.* v. *Lansden,* 172 U. S. 534, 553 (43 L. Ed. 543, 19 Sup. Ct. Rep. 296, see, also, Rose's U. S. Notes); *Young* v. *Aylesworth,* 35 R. I. 259 (86 Atl. 555); *Moore* v. *Duke,* 84 Vt. 401 (80 Atl. 194); *McCarthy* v.

*De Armit,* 99 Pa. 63; *Pardridge* v. *Brady,* 7 Ill. App. 639; 38 Cyc. 493. In 2 Sutherland on Damages (4 ed.), Section 407, it is stated:

"If a wrong is done by two or more persons jointly and all are sued together, if only one of them, or less than all, acted upon such motives as are condemned by the law and punished by exemplary damages, the motive of some will not be imputed to the others, and the liability of the latter will not extend beyond compensatory damages. In such a case the plaintiff has his election to proceed against any or all of the wrongdoers. By making them all defendants he waives his right to exemplary damages if some of them are not subject thereto."

The court in *Moore* v. *Duke, supra,* says:

"If more than one is made defendant, all must be shown to have been moved by a wanton desire to injure. *Boutwell* v. *Marr,* 71 Vt. 1 (42 Atl. 607, 76 Am. St. Rep. 746, 43 L. R. A. 803). The correct rule in a case like this is that the compensatory damages are indivisible. All are equally liable, without regard to degrees or shades of guilt. But, since exemplary damages are predicated upon the animus of the one against whom they are claimed, it may happen, when two or more are defendants, that some are liable for exemplary damages and others only for compensatory. Some may be acting in good faith, while others may be acting maliciously.. In such cases, while all are liable for the full amount of the actual injury which the plaintiff has suffered from the joint tort—are equally liable for compensatory damages—exemplary damages are to be assessed according to the guilt of the most innocent of the defendants. And if any of these was acting in good faith, and so not liable for punitive damages, none can be awarded in the suit."

While there is much authority to the contrary, *Nelson* v. *Halvorson et al.,* 117 Minn. 255 (135 N. W.

818, Ann. Cas. 1913D, 104, and cases cited in note thereto), we hold that punitive damages ·cannot be apportioned between joint tort-feasors, and that error was committed in entering judgment against defendant E. W. Helm as to such damages. The finding of the jury relative to punitive damages as embodied in its verdict may well be rejected as surplusage; and as the record discloses the judgment that should have been entered by the trial court, we are authorized under Section 3c, Article VII, of the Constitution to do that which ought to have been done, viz.: To enter judgment against both defendants for compensatory damages only.

The judgment of the lower court is set aside and one entered here in favor of plaintiff and against defendants in the sum of $250.

MODIFIED AND AFFIRMED.

BURNETT, J., Dissenting.—Taking the complaint as quoted in the opinion of Mr. Justice BELT, it will be observed that the pleading does not charge in any way that the defendant Myra Helm made any representation whatever respecting the land or anything connected with the transaction or that she knew or ratified any statement made by her codefendant. The nearest approach, distant as it is, toward involving her, is the statement that the plaintiff paid "defendants" $250, but this is discounted and contradicted by the subsequent allegation in paragraph 5 referring to the defendant E. W. Helm, saying:

"That the said defendant deliberately, maliciously and with the express purpose and intent located the plaintiff upon the said wrong land and thereby obtained and secured from said plaintiff the said sum of $250."

On this point, the testimony of the plaintiff himself is direct and positive to the effect that he paid the money to the defendant E. W. Helm.

To charge the defendant Myra Helm in the transaction, there are two ways in which the plaintiff might have proceeded. He could have stated that both defendants made the fraudulent representations of which he complains and have proved the allegation in that form against Myra by showing that the defendant E. W. Helm actually spoke the words but at the same time was acting, not only for himself, but also with her knowledge and approval as agent of his codefendant, Myra. On the other hand, he could have alleged that the defendant E. W. Helm made the representations and could have further averred facts from which the court could have drawn the conclusion that he was an agent of his codefendant for the purpose of making such representations and was acting in the actual or apparent scope of his authority in so doing: 2 C. J. 904.

The plaintiff has done neither of these things. All of his allegations, without any exception whatever, are against the individual E. W. Helm. It is not averred that he had any authority to bind his codefendant by his statements or even that she knew anything about them. Indeed, according to the complaint, all the tortious acts charged were those of E. W. Helm, and took place after Myra had done everything required of her and the transaction had become a closed incident as to her. Under such a pleading it can make no more difference what E. W. Helm had done with the money paid him by the plaintiff than if the former had paid his rent or grocery bill with it. It is fundamental that a plaintiff cannot prove a better case than he makes in his

complaint and that the objection that the complaint
does not state facts sufficient to constitute a cause of
action can be raised for the first time on appeal with-
out exception having been made to the same in the
trial court.

It will be observed also that in his effort to rescind
the contract and recover the moneys paid, the plain-
tiff does not allege any offer or opportunity extended
to the defendant Myra Helm to place herself in the
situation she occupied before relinquishing her home-
stead entry. While it is true that she had no title
to the land which she could transfer to him, yet he
should have given her notice of his rescission and
have relinquished his entry on the same simultane-
ously with such notice so that she could reinstate
herself if she chose. For aught that appears in the
complaint, the plaintiff has all the rights in the land
that Myra Helm had before and now seeks to recover
the purchase price without reinstating her in her
former position or giving her an opportunity to re-
instate herself.

To allow recovery against the defendant Myra
Helm on such a complaint would be to disregard all
the rules of pleading whatever, as they have been
hitherto laid down in all the statutes and works on
pleading. The plaintiff should look alone for relief
to the man with whom he exclusively dealt. For
these reasons I dissent from the conclusion reached
by the majority of my associates.