Argued October 27, reversed with directions December 2,
petition for rehearing denied December 16, 1959

# LESSIG v. CONBOY
347 P. 2d 98

*Ralph Currin,* Pendleton, argued the cause for appellant. With him on the briefs were Joe French, Pendleton, and Leo Levenson and Larry Landgraver, Portland.

*John H. Kottkamp,* Pendleton, argued the cause for respondent. With him on the brief were Kilkenny & Fabre, Pendleton.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, REDDING and KING, Justices.

KING, J. (Pro Tempore)

This is a claim for damages for personal injuries suffered by the plaintiff, Aletha Lessig. She alleges that the defendants, Orie L. Conboy and George Woodcock, mutually engaged in a fist fight, and that while so engaged, they did wilfully, wantonly and maliciously assault, strike and beat the plaintiff. She asks for general, special and punitive damages, jointly and severally, against the defendants.

The defendant Woodcock's answer to the complaint was in effect a general denial.

The defendant Conboy by his answer denied the material allegations of the complaint, and then in the same pleading filed a cross-complaint against the defendant George Woodcock, in which he claims that he was wilfully, wantonly and maliciously assaulted by Woodcock and asks $................ special damages, $25,000 general damages, and $7,500 punitive damages against Woodcock, and further asks that plaintiff's complaint be dismissed.

The plaintiff first moved to strike the cross-complaint of the defendant Conboy, on the ground that there is no authority in the state of Oregon for a cross-complaint against a codefendant.

This motion was denied by the lower court.

Demurrer was then filed against the cross-complaint, for the reason and on the ground that it does not constitute a defense to plaintiff's action. This demurrer was filed October 17, 1958. The demurrer was overruled by the court on October 23, 1958.

This raises the first and principal question in the case. Can one of two defendants sued in a law action for inflicting injuries upon a plaintiff, by a cross-complaint, demand damages against his codefendant for injuries inflicted upon him arising out of the cause of action alleged by the plaintiff? This matter is raised by plaintiff's first assignment of error.

The trial court had previously and timely notified all parties to be present and ready for trial on October 23, 1958. It seems that the case had been dragging for some time.

The defendant Woodcock did not appear for trial and neither did any attorney appear to represent him, and no excuse or motion for continuance was made in his behalf.

The plaintiff and her attorneys were present in

court on the morning of October 23, 1958, as were the defendant Conboy and his attorneys.

At that time the demurrer was overruled, as above mentioned after considerable discussion and argument by counsel.

At that time and after the ruling on the demurrer, the plaintiff's attorneys informed the court that they refused to plead further and would stand on their pleadings.

The plaintiff made her position quite clear by extended statements to the court, including the following:

"Your Honor, if I may say something—we have authority here for our position, but we don't want to give it here. It is none of our concern what happens between Mr. Woodcock and Mr. Conboy. We don't want to take any position on the record as to that part of the case. They can do just exactly as they please—

"THE COURT: If you don't question that, why raise the question at all then and why refuse to go further with this?

"MR. CURRIN: Your Honor, we raise it in so far as it pertains to the plaintiff, Lessig. We do not want to be saddled with that lawsuit, if it might come out in our favor, with the record as it now stands. It is not a defense to our complaint. For that reason we refuse to plead further."

The plaintiff verbally moved for a continuance, which was denied.

After a short recess the case was then called for trial before a jury. The plaintiff and her attorneys did not appear in the courtroom for the trial. Neither the defendant Woodcock nor his attorney appeared at any time during the trial, nor during the pretrial proceedings.

After selection of the jury the defendant Conboy, having already been granted a default against the

defendant Woodcock, proceeded to put on testimony regarding the assault on himself, by George Woodcock, as alleged in the cross-complaint, and the extent of the injuries he suffered.

Very little was said about the plaintiff, Mrs. Lessig, in the testimony. The defendant Orie L. Conboy did deny that he touched her deliberately. There was testimony that one of the defendant Woodcock's blows missed Conboy and evidently struck Mrs. Lessig, although the witness did not see the actual striking. There was no evidence of the extent of Mrs. Lessig's injuries, and none as to the special damages incurred by her. Of course she was not present and did not put on any evidence at all, the above coming only from the defendant Conboy's witnesses.

After the testimony in defendant Conboy's case was finished, two of his attorneys made arguments to the jury, and then the court gave its instructions. It is noted that the instructions mention four forms of verdict submitted to the jury. They were not explained and do not appear in the record, so we do not know what they were, except the one returned by the jury, which reads as follows:

"We, the trial jury, duly empaneled to try the above cause find as follows:

"(1) That plaintiff is entitled to nothing against the defendant Orie L. Conboy.

"(2) That plaintiff is entitled to a verdict against the defendant George Woodcock for the sum of $771.84 as general damages and $_____ as punitive damages.

"(3) That defendant Orie L. Conboy is entitled to a verdict against the defendant George Woodcock for the sum of $25,000.00 as damages.

"DATED this 23rd day of October, 1958."

Now taking up plaintiff's first assignment of error, we know of no Oregon case, and none has been cited

by either party, which allows or permits an alleged joint tort-feasor to file a cross-complaint against his codefendants, also alleged to be a joint tort-feasor, as a part of the answer to plaintiff's complaint against the two as joint tort-feasors.

The statutes on pleadings read as follows:

ORS 16.030:

"The only pleadings on the part of the plaintiff shall be the complaint, the demurrer or the reply; and on the. part of the defendant, the demurrer or the answer."

ORS 16.290:

"* * * * *

"(2) The answer of the defendant shall contain:

"(a) A general or specific denial of each material allegation of the complaint controverted by the defendant * * *.

"(b) A statement of any new matter constituting a defense or counterclaim * * *."

Clearly the cross-complaint of the defendant Conboy in this case is not authorized by those sections of our law.

The defendant cites ORS 1.010(3) and ORS 1.160. The first provides for the orderly conduct of proceedings before the court or its officers. The second cited section (ORS 1.160) provides:

"When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of the proceeding *is not specifically pointed out by the procedural statutes,* any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes." (Emphasis added.)

██ Where the procedure is pointed out by statute, as in ORS 16.030 and ORS 16.290, above quoted, the trial court would have no authority to change that legislative enactment, simply because a change might seem more appropriate in a certain case. The statute seems clear in providing for those cases in which procedure is not provided. *State Highway Com. v. Burke et al.*, 200 Or 211, 260, 265 P2d 783.

Defendant Conboy cites *Williams v. Pacific Surety Co.*, 66 Or 151, 127 P 145, 131 P 1021, 132 P 959, 133 P 1186, as authority for his contention that the court has the right to control the pleadings as well as the proceedings. In that case Mr. Justice McBRIDE points out: "This appeal presents but one question: Can the plaintiff bring this action without joining his co-obligee in the bond as a plaintiff?" The court held in effect that in law as well as in equity one obligee may sue and make his unwilling co-obligee a party defendant.

Defendant also cites *Universal Credit Co. v. Collier*, 108 Ind App 685, 31 NE2d 646. That case merely allows a conditional vendor to file a cross-complaint for damages to a truck as alleged in the complaint of vendee, when his contract is in default, to the extent of the balance due in the contract.

*Liebhauser v. Milwaukee Electric Railway and Light Company and Julius Krosher*, 180 Wis 468, 193 NW 522, holds just the opposite to defendant's cross-complaint in this case. There the plaintiff sued both the defendants for damages for personal injuries, and alleged that each defendant was negligent. The defendant Krosher, by cross-complaint, in addition to denying negligence, asked for damage to his car from the other defendant. The defendant Railway & Light Company demurred, and the demurrer was overruled

by the lower court. The Wisconsin Supreme Court reversed the decision of the lower court and sustained the demurrer. This decision was in spite of a Wisconsin statute which provided for a cross-complaint between defendants where the same transactions were involved and in certain other instances. They also said:

> "* * * Plaintiff should have a right to bring her action and obtain an adjudication of her rights without being compelled to become a mere observer in a contest between two defendants which in no way whatever concerns her."

See also *Puleo v. Goldberg et al.,* 129 Conn 34, 26 A2d 359; *Bell v. Lacey,* 248 NC 703, 104 SE2d 833 (1958); *Montgomery v. Blades,* 217 NC 654, 9 SE2d 397.

As above mentioned, no Oregon decision has been cited and none has been found which passes directly on the question of whether one alleged joint tort-feasor can file a cross-complaint against another joint tort-feasor defendant and have the same litigated in the plaintiff's original action for personal injuries.

■ This court has held that there can be no contribution between joint tort-feasors after the plaintiff's claim has been determined against them and they are in pari delicto, and one is not primarily and the other secondarily negligent. *Fidelity & Casualty Co. of New York v. Chapman et al.,* 167 Or 661, 666, 120 P2d 223; *Murray v. Helfrich,* 146 Or 602, 30 P2d 1053; *Stamos v. Portland Elec. Power Co.,* 128 Or 310, 274 P 915; *Chrudinsky v. Evans,* 85 Or 548, 167 P 562.

■ The fact that Oregon does not permit contribution in pari delicto cases involving joint tort-feasors, would tend to indicate very strongly that a cross-complaint should not be allowed to determine their interests or responsibilities in the original action of the plaintiff, as in this case, where the plaintiff has

alleged that both defendants are equally at fault and not one primarily and the other secondarily liable.

The plaintiff could have applied for and would have been entitled to a nonsuit under the statute; but that would have settled nothing, and would have necessitated going through the entire process of pleading and arguments again.

The plaintiff's failure to remain for the trial was not a defiance of the court's orders, as shown by the following statements:

"MR. CURRIN: Here is the point, Your Honor —the court knows our position—is there any point in our sticking around?

"THE COURT: That is up to you. You are the attorneys for the plaintiff. The case will come up for trial in about five minutes. All right, court will be in recess."

Plaintiff's demurrer should have been sustained to defendant Conboy's cross-complaint.

■ There are other reasons why the judgment in this case in favor of the plaintiff and against the defendant Woodcock must be set aside.

First, it is a verdict and judgment not based upon any evidence. There wasn't one iota of evidence as to the extent of the plaintiff's injuries. The plaintiff did not appear and testify, and nobody testified on her behalf, either as to special, general or punitive damages. There was no evidence at all to sustain a verdict for the plaintiff.

Secondly, the verdict and judgment in favor of the plaintiff, Mrs. Lessig, and against the defendant Woodcock was clearly an attempt by the jury to award her special damages, without first finding general damages. This is shown by the verdict being for $771.84, the exact amount asked as special damages. *Snyder*

*v. Amermann, Jr.,* 194 Or 675, 243 P2d 1082; *Hall v. Cornett et al.,* 193 Or 634, 240 P2d 231.

The manner of arriving at that part of the verdict is also shown by the statements of the court and jury foreman when the verdict was returned, which were as follows:

"THE COURT: Members of the Jury, this verdict which has been returned provides for damages to the plaintiff in the sum of $771.84; there is no testimony to support the verdict.

"THE FOREMAN: That amount was arrived from the doctor and hospital bills and things like that.

"THE COURT: There has been no testimony as to that; it is merely an allegation. There has to be testimony in Court to support that. The Court cannot accept that verdict with respect to that feature of it; in other words there is no testimony to support it.

"THE FOREMAN: Then why did you let us bring back a verdict—

"THE COURT: It has certain other remifications; this being the type of case it is, it is rather unusual. Well, I will accept the verdict. If there is any correction to be made, I will do it afterwards; it presents a good legal question. The Court will accept the verdict; the Clerk will read the verdict."

The entire judgment in this case will be set aside. Defendant Conboy's cross-complaint against the defendant Woodcock is dismissed. The lower court is directed to give the defendants reasonable time to file an amended answer to plaintiff's complaint, if they so desire.

Reversed with directions.