Argued June 5, affirmed July 26, petition for rehearing
denied September 5, 1961

## BECHTEL v. STATE TAX COMMISSION

363 P. 2d 1102

*William M. Sloan,* Grants Pass, argued the cause

for appellant. On the briefs were Johnson, Telfer & Sloan, Grants Pass.

*Donald Burnett,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

O'CONNELL, J.

Plaintiff appeals from a judgment for defendant based upon an order sustaining defendant's demurrer to plaintiff's complaint. Plaintiff seeks to recover an alleged overpayment of income taxes paid to the state of Oregon under protest.

The tax in question was imposed upon plaintiff for capital gains arising out of two transactions involving the sale of certain property. It will be necessary to discuss only one of the transactions since the legal problem presented by plaintiff in connection with both of the transactions is the same.

In 1948 plaintiff's husband purchased 100 shares of stock of a corporation for $10,000. The purchase price was paid from his own separate funds. The stock was issued to plaintiff and her husband with the right of survivorship. When plaintiff's husband died in 1958 the stock was worth $40,000 and plaintiff paid an Oregon inheritance tax on that amount. Later plaintiff sold the stock for $40,000 and in her income tax return reported no gain, treating the income tax basis as $40,000, the value used in fixing the inheritance tax. The defendant commission assessed a tax deficiency

contending that the tax basis for income tax purposes was $10,000, the amount paid for the stock by plaintiff's husband. Accordingly, the commission contends that there was a taxable gain of $30,000. Thus, the state reaped one tax (the inheritance tax) by using as a taxable amount the value of the stock at the husband's death and then reaped another tax (the income tax) by using as the tax basis the price paid for the stock by the husband.

Plaintiff contends that the tax basis for the purpose of computing the capital gain on the sale of the stock in this instance is the value of the stock at the date of her husband's death and not the cost of the stock when purchased by him. Whether this contention is sound depends upon the interpretation of the Oregon tax statutes in effect at the time the taxable event arose. The tax basis in computing the personal income tax on capital gains is defined in ORS 316.266 which, at the date of the taxable event in the case at bar, read in part as follows:[1]

> "(5) If the property was acquired by gift or transfer in trust after December 31, 1929, (other than by transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift,
>
> "(6) If the property was acquired by bequest, devise, descent or inheritance, or by the decedent's estate from the decedent the basis shall be the same as if the property had been purchased for its fair

[1] Subsequent to the taxable event in the instant case the following section was added to ORS Chapter 316 by Oregon Laws 1961, ch 225: "Section 2. For tax years beginning after December 31, 1960, and ending after the effective date of this 1961 Act, property acquired from a decedent, whether by reason of death, form of ownership or otherwise, which is included in the list of property, transfers and interests subject to tax pursuant to ORS chapter 118, shall be deemed, for the purposes of ORS chapter 316, to have passed from the deceased to the recipient by bequest, devise, descent or inheritance. This section shall not apply to annuities described in ORS 316.110."

market value at the date of the death of the decedent. * * *"

Plaintiff must show that she acquired the property in question "by bequest, devise, descent or inheritance, or by the decedent's estate from the decedent" in order to bring the transaction within ORS 316.266.

The shares of stock, the sale of which was subject to the contested tax, were transferred by the seller to Harold M. Bechtel and the plaintiff, Mildred E. Bechtel, his wife, jointly, with the right of survivorship. The case comes to us upon a demurrer to the complaint and we have only the allegation that the stock was issued to the purchasers jointly with right of survivorship. Since we do not recognize a tenancy by the entirety in personal property, *Stout v. Van Zante,* 109 Or 430, 219 P 804, 220 P 414 (1923); *Panushka v. Panushka,* 221 Or 145, 349 P2d 461 (1960), or a joint tenancy in either real or personal property, *Halleck v. Halleck,* 216 Or 23, 337 P2d 330 (1959), the transfer created some other form of concurrent interest.

We shall regard the transfer as creating in plaintiff and her husband concurrent life interests with a remainder in each of them contingent upon survivorship. The interest acquired by plaintiff was created by the inter vivos transfer to her and her husband, although her remainder interest was subject to the precedent condition that she survive her husband. She clearly did not acquire an interest by "bequest" or "devise" or "descent." Plaintiff contends that she acquired her interest by "inheritance" within the meaning of ORS 316.266 (6). It is argued that because ORS 118.010 treats property held under survivorship as passing to the survivor for inheritance tax purposes the word "inheritance" in ORS 316.266 (6) should be

construed to embrace the acquisition of interests by survivorship.

It should be noted that ORS 118.010 does not purport to define the word "inheritance"; rather it simply recites a factual situation which is to be regarded as a taxable event for inheritance tax purposes. The fact that the realization of the enjoyment of a survivorship interest is treated as a taxable event reveals very little as to the scope which the legislature intended to give to the word "inheritance" as it was used in other statutes.

It will be noted that the word "inheritance" is used in ORS 316.266 (6) in conjunction with the words "bequest," "devise" and "descent." Each of these words has a fairly clear meaning, describing the passing of title at the death of the owner. There is nothing in the statute which indicates that a special meaning was to be given any of these words, including the word "inheritance." It would be gross speculation as to the legislative purpose if we were to assume, as plaintiff does, that the legislature, in enacting ORS 316.266 (6) intended the word "inheritance" to include certain inter vivos transfers simply because another statute (ORS 118.010) treats such transfers as taxable under the inheritance tax law.

■ Plaintiff urges that a broad meaning of "inheritance" be adopted in reading ORS 316.266(6) to avoid the alleged unfairness which results from the use of two different tax bases. The fact that a statute operates unfairly is to be considered by the court in deriving the intent of the legislature in the enactment of the statute. However, that constructional guide does not warrant the judicial insertion of language into a clearly worded statute simply because the court is of the opinion that the statute operates unfairly. The

remedy must be sought through an amendment of the statute,[2] not through judicial legislation. This was the conclusion reached in *Lang v. Commissioner*, 289 US 109, 53 S Ct 534, 77 L Ed 1066 (1933) a case involving essentially the same problem as that presented to us in the case at bar. In that case, as in the instant case, plaintiff urged that the word "inheritance" be construed to include a survivorship interest. There the court said:

"If the legislation here under review results in imposing an unfair burden upon the taxpayer, the remedy is with Congress and not with the courts. Unless there is a violation of the Constitution, Congress may select the subjects of taxation and tax them differently as it sees fit; and if it does so in plain words, as it has done here, the courts are not at liberty to modify the act by construction in order to avoid special hardship. *Crooks v. Harrelson*, 282 U.S. 55, 61." 289 US at page 113.

Dealing more specifically with the character of the plaintiff's interest (a tenancy by the entirety), the court said:

"* * * In the present case, therefore, when the husband died, the wife, in respect of this estate, did not succeed to anything. She simply continued, in virtue of the nature of the tenancy, to possess and own what she already had. Giving the words of the statute their natural and ordinary meaning, as must be done, it is obvious that nothing passed to her by bequest, devise, or inheritance." 289 US at page 111.

The statute interpreted in the Lang case is strikingly similar to ORS 316.266 (6) and there is reason to believe that the latter subsection was borrowed from the federal statute. There are, as plaintiff points

---

[2] See Oregon Laws 1961, ch 225, set out in footnote 1 supra.

out, some differences between the federal statute interpreted in the Lang case and ORS 316.266 (6). But we are of the opinion, as was the trial judge, that the differences do not materially weaken the Lang case as supporting authority for the interpretation which we have given to our own statute. Regarding ORS 316.266 (6) as a borrowed statute, the interpretation of the parent statute in the Lang case is highly persuasive in interpreting our own statute.

It is our conclusion, reached reluctantly, that we do not have the judicial license to interpret ORS 316.266 (6) as plaintiff suggests, and we hold, therefore, that the trial court did not err in sustaining defendant's demurrer to plaintiff's complaint.

Judgment affirmed.

SLOAN, J., dissents.