Argued October 24, reversed and remanded December 8, 1975, reconsideration denied January 14, petition for review denied February 10, 1976

STATE ex rel LUCAS, *Appellant, v.* GOSS
(No. 20151, CA 4189), *Respondent.*

543 P2d 9

*C. Clark Leone,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Thomas L. Gallagher, Jr.,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

## FOLEY, J.

This is an appeal by the state from a circuit court order abating defendant's violation of Oregon Administrative Rules, ch 333, § 44-456(4) (OAR 333-44-456(4)), which requires the use of metal pipe for branch water lines in mobile home parks.[1] The state instituted the suit under the provisions of ORS 431.-155[2] seeking an injunction enjoining defendant from

---

[1] The rule provides that:

"Branch lines which convey water to supply outlets at individual mobile home spaces shall be of galvanized wrought iron or steel, brass or copper pipe." OAR 333-44-456(4).

[2] ORS 431.155 provides in relevant part:

"(1) Whenever it appears to the Health Division that any person is engaged or about to engage in any acts or practices which constitute a violation of any statute administered by the division, or any rule, regulation or order

the operation of his mobile home park for the alleged violation of ORS 446.006, which prohibits the operation of a mobile home park without a certificate of sanitation.[9]

After hearing testimony and argument with respect to the alleged violation, the court issued an order directing that certain tests and inspections be made of defendant's water supply system. A hearing was held to consider the results of the inspections and the trial court found and concluded: (1) that defendant was in violation of OAR 333-44-456(4) in that the branch water pipes in his mobile home park were of plastic material rather than metal; (2) that the metal pipe required by the rule would not be as good as the plastic pipe used by defendant; (3) that the water storage and capacity of defendant's water supply system were adequate; and (4) that except for (1) above, defendant's mobile home park did not violate any state or county laws or requirements relating to water systems, sewage disposal systems "or the issuance of certificates of sanitation or licenses to mobile home parks."

Based on these findings and conclusions, the court ordered that if defendant filed a $3,000 corporate bond with the court, the violation of OAR 333-

---

issued thereunder, the division may institute proceedings in the circuit court to enforce obedience thereto by injunction * * * restraining such person * * * from further violation of such statute, rule, regulation or order, and enjoining upon them obedience thereto."

[9] ORS 446.006 (1971) provided that:

"No person shall establish, operate, manage or maintain any * * * mobile home park without first securing a certificate of sanitation from a health officer as provided in ORS 446.012 to 446.046." *Amended,* Oregon Laws 1973, ch 560, § 2, so that the administrator of the Health Division rather than a health officer issues such certificate.

44-456(4) would be "abated" and thus apparently excused. The court further ordered that when defendant filed such bond or changed the branch water pipes from plastic to metal and filed an application and fee for a certificate of sanitation plaintiff was required to issue to defendant such certificate for the operation of the mobile home park.

On appeal, the state contends that the circuit court was required to allow it injunctive relief because defendant's mobile home park was being operated without a certificate of sanitation in violation of ORS 446.006 and that the court could not excuse the violation of statute and the agency rules and regulations upon defendant's filing a surety bond.

It is axiomatic that the doctrine of separation of powers prohibits the judiciary from encroaching upon or interfering with the proper exercise of the legislative function. *Richardson v. Neuner,* 183 Or 558, 194 P2d 989 (1948); *see* 16 CJS 721, Constitutional Law § 151 (1956); 11 Am Jur 620, Constitutional Law § 19 et seq (1937). Thus, when a properly enacted statute is plain and unambiguous, a court may not interpret it but must enforce it as written. *Fullerton v. Lamm,* 177 Or 655, 163 P2d 941, 165 P2d 63 (1946). It is not within the province of the court to amend the terms of a statute because it operates unfairly in a particular instance, *Bechtel v. State Tax Com.,* 228 Or 123, 363 P2d 1102 (1961), or to ignore it because it might not seem appropriate in a particular case, *Lessig v. Conboy,* 219 Or 373, 347 P2d 98 (1959).

The trial court was without authority to order the issuance of a health certificate to defendant upon the posting of a bond in view of the admitted violation of ORS 446.006,[4] which prohibits the operation

[4] *See* n 3, supra.

of a mobile home park without a certificate of sanitation. It was bound to enforce the statute as written even if it considered enforcement of the statute inequitable under the circumstances of the particular case. *Bechtel v. State Tax Com.*, supra. That the trial court was sitting in equity did not confer upon it the authority to alter a direct statutory mandate, *In re Zweig's Will*, 145 Misc 839, 261 NYS 400 (Sur Ct, Kings Co (1932)), nor entitle it to disregard the terms of the statute, *Mill Valley v. Bonding Etc. Co.*, 68 Cal App 372, 229 P 891 (1924). *See also Rainey v. Quigley*, 180 Or 554, 178 P2d 148, 170 ALR 1149 (1947).

In view of our disposition of this case we need not determine whether the trial court was correct with respect to the adequacy of defendant's storage tanks.[9] We conclude that the trial court's order was beyond its authority and we remand to the circuit court for issuance of an injunction consistent with this opinion.

Reversed and remanded.

SCHWAB, C. J., concurring.

I am not satisfied that the powers of a court of

---

[9] The Health Division of the Department of Human Resources concluded that defendant's storage tanks were inadequate in size and capacity. Although no administrative rule specifies exactly what storage capacity is required in all instances, the Health Division is authorized to determine the adequacy of water supply systems by OAR 333-42-066(1):

"* * * All equipment shall be of adequate size and capacity and be correlated with the available supply from storage to supply adequately, dependably and safely the total water requirements of all consumers at maximum consumption without exhausting the supply of the source. * * *"

"Adequate" is defined in OAR 333-42-056(1) as:

"* * * [S]ufficient in quantity to satisfy all peak demands during periods of maximum use without reduction in pressure below 30 pounds per square inch in the distribution system and without exhausting the supply at the source."

equity are as limited as some of the language of the majority opinion implies. In any event, I see no need to deal with those problems here. Our review is de novo. I am satisfied that the statute is not unconstitutional, that the relevant regulation is not unreasonable, that there is no equitable reason why defendant should not be required to comply, and therefore that the trial judge was wrong in refusing to issue the injunction sought by the state.