Argued October 27, reversed and remanded December 8, 1975,
reconsideration denied, January 14, petition for review
allowed February 18, 1976

STATE OF OREGON, *Respondent, v.* SCOTT
CHRISTIAN GRAY (No. CC-75-202) (CA 4797)
(No. CC-75-77) (CA 4798) (cases consolidated),
*Appellant.*
543 P2d 11

*J. Marvin Kuhn,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant appeals his conviction of assault in the first degree and burglary in the second degree on the ground that the court was without jurisdiction to find him guilty since he never actually pleaded guilty.[1]

Defendant was originally charged with attempted murder, with theft in the first degree and with burglary in the second degree. The prosecutor and defendant's attorneys entered into a plea bargain whereby it was agreed that defendant would plead guilty to assault in the first degree and burglary in the second degree if the state would dismiss the attempted murder charge and the first degree theft charge.

Defendant was taken before the circuit judge who advised him of his rights. The court then "accepted" defendant's supposed guilty plea. However, according to the record the exact question whether defendant chose to plead guilty was never put to the defendant.

■■ On appeal defendant essentially contends that the court was without jurisdiction to find him guilty

---

[1] In a similar case decided November 10, 1975, entitled State v. Dean, 23 Or App 353, 541 P2d 1071 (1975), the state confessed error.

because he never pleaded "guilty" in so many words. While we do not agree with the contention that any particular phraseology is required before the court has jurisdiction to accept a plea, *see, People v. Conboy,* 235 NYS2d 492 (Sup Ct 1962), we do hold that the court here was without jurisdiction to convict defendant because it is not clear from the record that the defendant was intending to plead guilty at the time the court accepted his "plea."

In the interest of conserving space we will not set forth the entire relevant portion of the transcript here. Suffice it to say that before the court accepted defendant's "plea," some problems caused by the absence of the original prosecutor were discussed. The court then decided to postpone the matter of a presentencing report until the absent prosecutor's return. This discussion of postponing matters for a few days could possibly have been understood by defendant as including the formal entry of his plea, and that the discussion taking place at that time was entirely preliminary. It is therefore possible that the defendant was not aware that the time for entering a plea was at hand.

ORS 135.360 provides in part as follows:

"(1)  *  *  *  [A] plea of guilty or no contest to a crime punishable as a felony shall in all cases be put in by the defendant in person in open court unless upon an accusatory instrument against a corporation, in which case it may be put in by counsel."

It is because of the possibility of mistake that ORS 135.355 requires that specific language acknowledging guilt be used in entering a plea of guilty. Where, as here, the defendant's intention to plead guilty is not absolutely clear from the record, we resolve the doubt in favor of the defendant. *See, State v. Voshell,* 247 Or 534, 430 P2d 1010 (1967).

As we pointed out in *State ex rel Lucas v. Goss*, 23 Or App 501, 543 P2d 9 (1975):

"* * * [W]hen a properly enacted statute is plain and unambiguous, a court may not interpret it but must enforce it as written. Fullerton v. Lamm, 177 Or 655, 163 P2d 941, 165 P2d 63 (1946). It is not within the province of the court to amend the terms of a statute because it operates unfairly in a particular instance, Bechtel v. State Tax Com., 228 Or 123, 363 P2d 1102 (1961), or to ignore it because it might not seem appropriate in a particular case, Lessig v. Conboy, 219 Or 373, 347 P2d 98 (1959)."

Reversed and remanded.

SCHWAB, C. J., dissenting.

As I understand the majority opinion it holds that no particular phraseology is required for a plea of guilty, but that the language used must be so specific as to not permit a substantial possibility that the court will enter a plea of guilty which was, in fact, not made. I agree with this statement of law. I differ with the majority in its interpretation of the facts.

The defendant in this case was represented by two lawyers. He appeared in court several times. When the plea bargain was finally reported to the court he was accompanied by both of his lawyers. He was questioned extensively by the court and that exchange culminated in language clearly constituting pleas of guilty and an acceptance of them by the court:

"THE COURT: Okay. Now, another thing, Mr. Gray, you have to consider is that assault in the first degree is what we call in Oregon a Class B felony and the maximum penalty for that kind of a crime would be 10 years incarceration in a state penitentiary or a fine of $5,000.00 or both of those things. The charge of burglary in the second de-

gree is what we call a Class C felony and the maximum penalty for that kind of a crime is five years in the penitentiary or a fine of $2,500.00 or both of those things, and, furthermore, since you are entering pleas to both of these at the same time, it is possible for the Court to take all that penitentiary time and add them together and string them out to a total of 15 years by making them run consecutively. Now, I'm not saying that's what is going to happen to you but you run the possibility, in other words, you are exposed to the possibility of this occurring and you've got to understand that and appreciate it, so my question is that knowing that does that make any difference to you so far as entering this plea goes?

"THE DEFENDANT: No, sir.

"THE COURT: Okay, Mr. Gray. Do you have any question in your mind at this time that this is anything other than a completely voluntary thing on your part; in other words, are you entering into this with your eyes wide open and real consideration given to it? That's my —

"THE DEFENDANT: Yes.

"THE COURT: — question here.

"THE DEFENDANT: Yes. I think I'd rather face 15 years than 30.

"THE COURT: I understand your point of view and I'm going to — well, let me ask you one further question: Now, you are in custody of the sheriff but nevertheless I have to ask you this: Are you at this time under the influence of any kind of alcoholic liquor, any kind of narcotic drug or dangerous drug, or anything like that that might impair your judgment here this afternoon?

"THE DEFENDANT: No, sir.

"THE COURT: * * * I'm going to accept your pleas and adjudge you to be guilty of these two crimes, and have you taken care of the neces-

sary paperwork there, Mr. Cole [deputy district attorney]?

"* * * * *

"THE COURT: It will be accepted and filed and I'm going to set this matter for sentencing — or further consideration of a presentence investigation over to the hour of 10:00 o'clock on Tuesday, May 27, 1975, which is our next motion day, and we'll hear what you have to say."

Any conceivable doubt that the defendant and his lawyers thought he was entering pleas of guilty is dispelled by the colloquy which took place at the time of sentencing:[①]

"THE COURT: All right. We're taking up these matters of State versus Scott Christian Gray again * * *. Gentlemen, it was my understanding this was going to be the time and place set for sentencing or for other matters that still are pending or that this would be the time for further discussion as to the need or advisability of obtaining a presentence report. Am I correct in that?

"MR. HOXIE: Yes, Your Honor. Mr. Van Thiel and I have discussed the issue of presentence investigation with Mr. Gray and he wishes to be sentenced today.

"THE COURT: He does.

"MR. HOXIE: I understand the district attorney's office doesn't have any position on that particular matter.

"MR. PARK: Well, as far as presentence, no, that's correct, we're willing to proceed to sentencing.

"THE COURT: You likewise agree, Mr. Van Thiel?

"MR. VAN THIEL: I agree, Your Honor."

---

[①] The court sentenced defendant to concurrent sentences of ten years for the assault and five years for the burglary.

The majority in a footnote notes that the state confessed error in a similar case. Similar does not mean identical. In any event, our duty is to exercise our judgment, not to be bound by the state's judgment in a previous case.

For the foregoing reasons I respectfully dissent.