Argued March 4, reversed May 20, 1976

# STATE OF OREGON, *Petitioner,*
## *v.*
# SCOTT CHRISTIAN GRAY, *Respondent.*

549 P2d 1112

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

(See 23 Or App 516 for original Court of Appeals opinion)

HOLMAN, J.

## HOLMAN, J.

Defendant appealed his convictions upon pleas of guilty of assault in the first degree and burglary in the second degree to the Court of Appeals and that court, in a divided opinion, set aside his convictions on the basis that he had never formally entered such pleas. 23 Or App 516, 543 P2d 11 (1975). We granted the state's petition for review.

Defendant was originally charged with attempted murder, with theft in the first degree and with burglary in the second degree. The prosecutor and defendant's attorneys entered into a plea bargain whereby it was agreed that defendant would plead guilty to assault in the first degree and burglary in the second degree if the state would dismiss the attempted murder charge and the first degree theft charge.

When defendant was brought into court for the entry of his pleas pursuant to the bargain, there was a lengthy conversation between the judge and the defendant concerning defendant's rights, whether defendant understood the bargain and whether his pleas of guilty were voluntary. However, defendant's formal pleas of guilty were overlooked.

An examination of the record discloses that the following transpired:

(a) The judge reiterated the terms of the plea bargain and asked Gray if he had any question about what the bargain was. Gray responded, "No, sir."

(b) The judge asked if Gray had discussed the bargain with his attorneys. Gray replied that he had.

(c) The judge advised Gray regarding his right to trial by jury, his rights to confront and cross-examine witnesses, etc., and told him that by pleading guilty, he waived all these rights. Gray responded that he understood.

(d) The judge then asked, "Does that [i.e., existence of the above rights and their waiver] make any difference so far as this situation goes?". Gray answered, "No."

(e) The judge then advised Gray about the potential sentences to which the guilty pleas exposed him and asked if this made any difference to him as far as entering the pleas went. Gray replied, "No, sir."

(f) The judge then asked if this was a voluntary action, and Gray answered, "Yes, I think I'd rather face 15 years than 30."

(g) The judge then told defendant he was going to accept defendant's pleas of guilty and find him guilty of the two crimes.

The opinion of the Court of Appeals correctly states that no particular phraseology is required to constitute a plea of guilty. It then held that in the present situation there was the possibility that there was a mistake and the defendant misunderstood he was presently pleading guilty. It is our conclusion there was no such possibility and that a holding that no pleas were intended would be a victory of form over substance.

The opinion of the Court of Appeals also speaks of the problem as one of the trial court's *jurisdiction* to find defendant guilty. This is a misuse of the term as the court at all times had jurisdiction, although under appropriate circumstances it could err by entering a plea of guilty which was not substantiated by the record.

The judgment of the Court of Appeals setting aside defendant's convictions is reversed.