Argued and submitted March 7, the judgment of the Oregon Tax Court affirmed April 4, 1991

## E. Daniel SEYMOUR
### and Joanne Seymour,
*Plaintiffs-Appellants,*

*v.*

## DEPARTMENT OF REVENUE,
*Defendant-Respondent.*

### (OTC 2928; SC S37526)

809 P2d 100

E. Dan Seymour, Lake Oswego, argued the cause and filed the briefs for plaintiffs-appellants.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

FADELEY, J.

## FADELEY, J.

Taxpayers' appeal from an Oregon Tax Court decision presents two issues: (1) whether federal income tax law governs Oregon inheritance tax law in view of Article IV, section 32, of the Oregon Constitution[1] and (2) whether it is permissible under Oregon statutes to tax as income a gain in value that may also be taxable for Oregon inheritance tax purposes.

The parties stipulated to the following facts. The taxpayers are husband and wife. In May of 1981, wife's father gave her corporate stock which the father had purchased for $3,100. In March of 1984, wife's father died. In June of 1984, taxpayers sold the stock for $100,000. On their 1984 joint federal income tax return, taxpayers used $3,100 as the basis for this stock and accepted federal income tax liability for the difference between the $100,000 sale price and that basis. On their 1984 state income tax return, however, the taxpayers used $100,000 as the basis for the stock and accordingly reported that they received no taxable income from the stock sale. The state Department of Revenue allowed the same deduction from the $96,900 gain as was provided by federal income tax law — $58,140 — but assessed and collected Oregon income taxes on the remaining $38,760 of capital gain.

At the time of the donor-father's death, federal law excluded all value of the stock from his estate for federal estate tax purposes even though it was transferred by gift less than three years before his death. IRC § 2035(d) (1984). But the gain realized on sale by the recipient was taxable income under federal income tax law, with the amount of gain or income computed from the donor's original cost basis. However, under the Oregon inheritance tax law, in effect during the 1980's as it is today, the value of the gift was included within the donor's gross taxable estate. ORS 118.010(3). Thus, the gain in value of the gift was potentially subject to state taxation both as a part of the estate and as income when the taxpayers realized a capital gain. It is this potential for

---

[1] This constitutional provision is quoted in the text of this opinion, *post,* at the place where it becomes relevant to the court's reasoning.

"double taxation" by the state that lies at the bottom of taxpayers' complaint.

On these stipulated facts, taxpayers sought a judgment of the Tax Court that they owed no state income tax on the gain in value of the stock. The Tax Court decided against taxpayers as a matter of law, granting summary judgment to the Department. Because neither Article IV, section 32, nor the Oregon statutes implementing it require that Oregon inheritance tax law conform to federal income or estate tax law, and because no other law prevents the state from subjecting an asset to more than one form of taxation, we affirm.

Taxpayers' legal contentions are founded on the general proposition that, in most instances, the measurement of income for Oregon income tax purposes is determined by reference to provisions of the federal income tax law. Taxpayers assert that income for the purposes of state income taxation must be the same as income for federal income tax purposes.

ORS 316.048 provides: "The entire taxable income of a resident of this state is the federal taxable income of the resident as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter." ORS 316.007 states the legislative intent:

> "It is the intent of the Legislative Assembly, by the adoption of this chapter, insofar as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code *relating to the measurement of taxable income * * *.*" (Emphasis added.)

Taxpayers are correct that, for Oregon income tax purposes, the amount of potentially taxable income is, generally, the same as federal taxable income. That does not, however, dispose of the case.

Taxpayers next argue that, because federal income tax law does not subject any gain that previously has been taxable under federal estate tax law to any federal income taxation, IRC §§ 1014, 1015, Oregon income tax law cannot tax as income a gain that was also previously taxable under Oregon inheritance tax law.

This phase of taxpayers' argument misapplies the general rule in two respects. First, with respect to the facts in the case, the gain from the sale of stock was not previously taxable under the federal estate tax law. Therefore, the gain was taxable income under federal law, as taxpayers correctly reported on their 1984 federal income tax return. Thus, the logic of taxpayers' further argument is based on a factual assumption — that the gain was taxable by federal estate tax laws (and thus would not be considered income under federal law) — that is contrary to the facts of this case.

Moreover, the Department's assessment of taxpayers' Oregon income tax for 1984, which we uphold, is based on the same amount of taxable income as is mandated by the federal income tax law. The amount of income from the gain taxable under Oregon income tax law is the same as the amount taxable under federal income tax law, satisfying the general rule rather than violating it.

Second, taxpayers' further argument misapplies the general rule with respect to the applicable law. Taxpayers seek to apply federal estate tax law to define income under Oregon's income tax law. We conclude that Oregon has mandated tax law congruity only between federal and state laws defining or measuring income, not the laws fixing the value to be placed on decedents' estates for state inheritance tax purposes. We turn to a review of relevant statutory and constitutional provisions to demonstrate the authority for that conclusion.

Article IV, section 32, of the Oregon Constitution provides in part:

> "[T]he Legislative Assembly, in any law imposing a tax or taxes on, in respect to or measured by income, may define the income on, in respect to or by which such tax or taxes are imposed or measured, by reference to any provision of the laws of the United States as the same may be or become effective at any time or from time to time, and may prescribe exceptions or modifications to any such provisions."

On its face, the constitutional wording applies to income for income tax purposes. That wording specifically contemplates that state law may employ exceptions and modifications to federally defined income.

The people adopted Article IV, section 32, as a legislatively referred constitutional amendment. The legislative history of the amendment confirms that it was limited to the income tax. The Voters' Pamphlet for the election at which the amendment was adopted indicates only that income tax provisions are involved. No mention of conforming any state law, other than the income tax, to federal law is contained in the ballot title, explanation, or arguments. Voters' Pamphlet, November 1970 General Election, 10-13. Article IV, section 32, applies only to income tax law.

■ Taxpayers next contend, as a general proposition, that it is unfair and impermissible for the State of Oregon to classify the gain in value as part of the decedent's estate potentially subject to Oregon inheritance taxes and also to tax the same gain as income under Oregon income tax laws. They assert that the appreciated value of the stock received by gift may be subjected only once to any form of state taxation. No decisional authority for this assertion is offered.

The decided cases do not support taxpayers' contention. In *Roberts et al v. State Tax Com.*, 229 Or 609, 615-16, 368 P2d 342 (1962), the court observed that:

> "[I]t appears to be the policy of the legislature to tax by one scheme the passing of property upon death (ORS 118.010), and to tax by a different scheme income from a wide variety of sources (ORS 316.105)."

*See Bechtel v. State Tax Com.*, 228 Or 123, 363 P2d 1102 (1961) (permitting taxation of a gain in value under inheritance tax laws and also under state income tax laws); *see also Realty Group v. Dept. of Rev.*, 299 Or 377, 381, 702 P2d 1075 (1985) (Oregon payroll tax for mass transit purposes need not define "wages" to which it applies to have the same meaning as in federal income tax law).

Taxpayers invoke ORS 316.047 and ORS 316.007 in support of their contention that such "double" taxation as cases like *Bechtel* allowed is no longer permissible. ORS 316.047 in part provides:

> "If any provision of the Internal Revenue Code or of this chapter requires that any amount be added to or deducted from federal gross income or the net income taxable under this chapter that previously had been added to or deducted

from net income taxable under the Oregon law * * * appropriate adjustment shall be made to the net income for the year or years subject to this chapter so as to prohibit the double taxation or the double deduction of any such amount that previously had entered into the computation of taxable income. Differences such as the difference in basis of property used by the taxpayer for federal and Oregon income tax returns and on account of treatment of operating losses shall be resolved by application of this principle."

As can be seen, that statute concerns "income," not inheritances or estates. ORS 316.007, stating policy for ORS Chapter 316, by its terms relates to "measurement of taxable income" or "gross income." No double income taxation is involved in this case.

Moreover, ORS 316.047 is a special-purpose statutory exception to the general rule intended to cover a transition period. That section was enacted to alleviate potentially inconsistent income tax treatment resulting from the transition from the preexisting Oregon Personal Income Tax Act of 1953 to the federal Internal Revenue Code, as incorporated into state law by the Oregon Personal Income Tax Act of 1969 (Or Laws 1969, ch 493). *See Christian v. Dept. of Rev.,* 269 Or 469, 476-77, 526 P2d 538 (1974) (for Oregon income tax purposes in 1969, net operating losses could be carried back to prior years pursuant to provisions of federal income tax law). The statutes cited do not support taxpayers' contention. *See also Detrick v. Dept. of Rev.,* 311 Or 152, 156, 158, 806 P2d 682 (1991) (under ORS 316.007, neither taxpayer's entries in an individual income tax return nor the decisions of the federal Internal Revenue Service relating to that specific return are binding on the Department).

The decision whether to treat devolution of a capital asset on death and receipt of income from a later sale of that asset by its new owner as separately taxable events is for the legislature to make. It has done so.[2]

The judgment of the Oregon Tax Court is affirmed.

---

[2] ORS chapter 118 exempts sizeable amounts from state inheritance taxes. As to estates valued at less than the exempt amounts, only the income tax would actually levy a tax on gain on sale by a beneficiary.