NOT DESIGNATED FOR PUBLICATION

No. 115,936

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. MELTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT and BRUCE C. BROWN, judges. Opinion filed September 15, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant, and *James Melton*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and SCHROEDER, JJ.


PER CURIAM: Long after the Sedgwick County District Court denied Defendant James L. Melton's motion for a reduced sentence in a Jessica's Law case and sent him to prison for life, Melton claimed he never entered a legally binding guilty plea so the district court lacked jurisdiction to punish him. The district court rejected that claim, and Melton has appealed the ruling. Having considered the arguments in light of the transcript of the plea hearing, we find Melton entered a valid plea and, therefore, affirm the district court.

The State charged Melton in early 2012 with aggravated indecent liberties with a child, which carries a presumptive sentence of life in prison without consideration for parole for 25 years. The circumstances giving rise to the charge are irrelevant to the point on appeal; we dispense with a recitation of them. Melton and his lawyer worked out a plea arrangement with the State calling for him to plead guilty while preserving his right to ask the district court for a durational departure that would significantly shorten the term of imprisonment. For its part, the State reserved the right to oppose any reduced sentence. The details of the arrangement were set out in a written agreement that Melton signed.

The district court held a plea hearing about a year later. For the most part, the hearing was unremarkable as those proceedings go. The district court inquired of the prosecutor, Melton's lawyer, and Melton personally about the plea agreement. The district court explained the rights Melton would be giving up if he pleaded guilty rather than going to trial. Melton told the district court he wished to relinquish those rights. The district court also inquired of Melton to make sure he understood the nature of the proceedings, the potential sentence he faced, and had opted to plead guilty voluntarily rather than under duress or as the result of some secret promise.

At that point in the hearing, the district court asked Melton, "Is it still your wish and desire then to give up your rights and enter a plea of guilty?" Melton replied, "Yes. Yes, Your Honor." But the district court did not specifically ask Melton how he pleaded to the charge or if he pleaded guilty. Rather, the district court had Melton describe the circumstances he believed made him guilty, thus establishing a factual basis for the plea. See *State v. Shaw*, 259 Kan. 3, 7-8, 910 P.2d 809 (1996) (district court must establish on the record factual basis for each element of crime before accepting plea of guilty or no contest). The district court then found Melton's recitation sufficiently supported a plea and "adjudge[d]" Melton guilty of aggravated indecent liberties with a child. That

2

constituted a conviction. See K.S.A. 2016 Supp. 21-5111(d) ("conviction" includes judgment of guilt based on guilty plea). The district court informed the parties sentencing would be scheduled later.

After the plea hearing, Melton, acting through his lawyer, filed a motion for a reduced sentence. Consistent with the plea agreement, the State opposed the request. The district court denied the motion and imposed a life sentence. Melton appealed the denial of his request for leniency. This court found no abuse of discretion in the district court's sentencing decision and affirmed. *State v. Melton*, No. 109,884, 2014 WL 4231240, at *2-4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1017 (2015).

Without the help of a lawyer, Melton filed a motion and supporting memorandum in late 2015 contending he did not "plead personally" to the charge, contrary to the requirements of K.S.A. 2016 Supp. 22-3210(b), and, therefore, his conviction was invalid and should be set aside. In turn, Melton contends the district court lacked jurisdiction to sentence him. If Melton were correct, this case never progressed to a valid conviction or sentence and should be remanded to the district court for further proceedings, potentially including a trial. The State opposed the motion, and the district court summarily denied it. Melton, now with the assistance of a lawyer, has appealed that ruling.

Melton constructs his argument on the requirement in K.S.A. 2016 Supp. 22-3210(b) that a defendant in a felony case "must appear [in district court] and plead personally" on the record. Melton contends that because the district court never explicitly asked him in so many words at the plea hearing how he actually pleaded to the charge and he never expressly stated he pleaded guilty, he did not enter a valid plea. According to Melton, the absence of a valid plea interposes a jurisdictional bar to his sentencing. We see no disputed facts bearing on this issue—it turns upon the adequacy of the plea hearing, as reflected in the transcript—so we have a question of law over which appellate courts exercise unlimited review. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780

3

(2010) (appellate court exercises unlimited review over question of law); *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (when material facts undisputed, issue presents question of law), *rev. denied* 303 Kan. 1079 (2015); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (legal effect of undisputed facts question of law).

In unpacking Melton's point, we doubt the sufficiency of a plea and the resulting conviction creates a jurisdictional issue. That is, a district court probably does not lose subject matter jurisdiction over a criminal prosecution because of a defect in a plea. More likely, a sentence imposed following a materially defective plea creates a due process problem. See *Clinkingbeard v. State*, 6 Kan. App. 716, 716-17, 634 P.2d 159 (1981) (finding the statutory procedures in K.S.A. 22-3210 designed to embody constitutional due process protections). In resolving this appeal, however, we indulge Melton's premise for the sake of argument.

The question, then, is whether Melton entered a valid guilty plea even though he never uttered the words, "I plead guilty." We doubt the district court's inquiry as to Melton's "wish and desire" and his response are themselves sufficient. A wish or desire to do something isn't the same as actually doing it. A person may sincerely desire to run a marathon, but that desire would not then honestly justify a claim to having done so. But a plea hearing does not consist of a single question and answer. Here, the tenor of the entire hearing demonstrated that Melton pleaded guilty to aggravated indecent liberties with a child. Melton had two basic options as he began the hearing:  entering a plea or going to trial. Everything he said and did was consistent with pleading and antithetical to trying the case. Melton expressly waived his right to trial and the associated rights, such as presenting evidence and challenging the State's evidence. Melton recited facts that established his guilt. And Melton certainly didn't object when the district court adjudged him guilty and concluded the hearing by saying the matter would be scheduled for a sentencing rather than a trial. All of that establishes Melton personally pleaded guilty

4

during the hearing consistent with K.S.A. 2016 Supp. 22-3210(b) and due process requirements.

The district court was not required to elicit from Melton a single, free-standing statement that he pleaded guilty to obtain a legally valid plea. The better practice certainly would call for a district court to directly and unequivocally ask a defendant sometime during the hearing, "How do you now plead?" Or even to use a more leading variation, "Do you now plead guilty?" But that sort of focused exchange is not absolutely necessary if the hearing otherwise shows a defendant has relinquished the rights inherent in a trial and has acknowledged his or her guilt and an intent to face sentencing without any further fact-finding proceedings. To do otherwise would turn a plea hearing into a game of magic words, elevating proverbial form over proverbial substance.

On legally indistinguishable facts, the Oregon Supreme Court came to the same conclusion we reach today. *State v. Gray*, 275 Or. 75, 77-78, 549 P.2d 1112 (1976). With inestimable common sense and brevity, the court concluded that Gray plainly and unmistakably pleaded guilty when he waived his right to trial, acknowledged the plea agreement placed on the record and the potential sentences he faced, and didn't object when the trial judge said he would accept the pleas. That was so, even though, in the words of the Oregon Supreme Court, "[D]efendant's formal pleas of guilty were overlooked." 275 Or. at 77. The court recognized that "no particular phraseology is required to constitute a plea of guilty"; and given the thrust and detailed content of the hearing, Gray could not have misunderstood what he was doing or its legal ramifications. 275 Or. at 78.

We hold that Melton personally pleaded guilty within the meaning of K.S.A. 2016 Supp. 22-3210(b) and the district court then properly entered a judgment of conviction and later imposed a lawful sentence.

On appeal, Melton alternatively suggests his motion to set aside his conviction based on a violation of K.S.A. 2016 Supp. 22-3210(b) should have been construed as a motion to withdraw his plea. We think not. As a general matter, court filings from lay litigants should be liberally construed to effect their content and apparent purpose notwithstanding artless drafting or ambiguous labels. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014). But there was nothing artless or ambiguous about Melton's original motion and the supporting memorandum. Melton precisely argued that he had not entered a valid plea because the district court had not directly asked him how he pleaded. And he equally precisely cited and anchored his argument in the requirement of K.S.A. 2016 Supp. 22-3210(b) that a defendant plead personally. Melton did not argue that he should be permitted to withdraw a facially valid plea for good cause or to prevent manifest injustice. See K.S.A. 2016 Supp. 22-3210(d). The two arguments are factually and legally distinct. Melton did not confuse or blur those distinctions. To the contrary, he clearly and directly outlined what he claimed to be a factual and legal defect that precluded a plea at all. We decline to turn Melton's motion into something it obviously is not.

Affirmed.